AQUILINO LOPEZ, Jr., Associate Judge.
Dorothy G. Richards and Ronald C. Richards and their son, Ronald J. Richards, a minor, filed suit on account of personal injuries resulting from an automobile accident against The Hertz Corporation, the owner of an automobile which had allegedly collided with their motor vehicle. The Hertz Corporation who had rented the automobile to Gerald McGee and who is not a party to this suit, filed a Third Party Complaint against Caroline Taylor, the driver of the car, alleging that she was primarily responsible for any damage suffered by the plaintiffs and she being the actual tort-feasor should be held liable for all damages adjudged against The Hertz Corporation. Miss Taylor’s motion to dismiss Third Party Complaint was granted but The Hertz Corporation filed an amended complaint to which another motion to dismiss was filed but which was denied. Thereafter, both Hertz and Taylor moved for Summary Judgment on the Third Party pleadings. The trial court granted summary judgment for Hertz and awarded to it judgment against Taylor for all damages *785 which thereafter would be awarded to the Richards against The Hertz Corporation.
The cause then proceeded to trial on damages only as liability had been admitted. A verdict was returned for the plaintiffs, Dorothy G. Richards, Ronald J. Richards and Ronald C. Richards in the respective amount of $11,500, $100 and $3,400. Motion for new trial was denied and two appeals were taken which were consolidated; one from the summary judgment on Third Party pleadings and the other from the final judgment.
There are two points involved in this appeal. The first point is whether the lessee of an automobile pursuant to a rental agreement who paid the owner for liability insurance and the lessee in turn permits another person to operate the vehicle, is the owner of the vehicle entitled to indemnification from the person operating the vehicle for damages to a Third Party because of the operator’s negligence ?
Gerald McGee rented a Hertz-owned vehicle and thereafter allowed Caroline Taylor to use the same but she operated it so negligently as to cause an accident for which she admitted liability. The rental agreement reveals that McGee paid Hertz for liability insurance and the agreement, among other things, provided as follows; * * * 2. * * * Under no circumstances shall vehicle be used, operated or driven * * * by any-person except (1) customer; or (2) if a qualified licensed driver and provided customer’s permission be first obtained, (a) a member of customer’s immediate family, (b) customer’s employer, or (c) an employee of customer’s in the course of such employee’s regular and usual employment by customer * * *. 7. * * * said policy does not apply to * * * while being operated * * * (1) by any other person other than (a) customer, (b) customer’s employer, (c) a person regularly employed by customer in the usual course of his business, (d) any partner, executive officer or customer, or (e) a member of the immediate family of customer or any partners, or executive officer or customer
In Florida, as a normal rule, the owner of an automobile who is liable only vicariously to a Third Party because of an automobile accident is entitled to recover from the driver of the vehicle who is the actual tort-feasor. An exception to this rule has been recognized where the rental agreement provided that the renter participate in the benefits of a public liability and property damage insurance policy subject to its terms and conditions. Morse Auto Rentals v. Lewis (Fla.App.1964) 161 So.2d 235; Bordettsky v. Hertz Corporation (Fla.App.1965) 171 So.2d 174.
In the above two cases, the tort-feasor was renter or customer and was protected by the policy for which he had paid. In the instant case, the tort-feasor, Miss Taylor, was not the customer and she was excluded from participation in the policy by the terms of the agreement. She testified that she was not related to McGee nor assisted him in his business and at the time of the accident was not doing anything in connection with his business and was not in McGee’s employ. At the time of the accident, she was employed by United Airlines and he in the advertising business. On the date of the accident, McGee was residing at Miami Springs Villa and Miss Taylor visited him and she wanted to go to her apartment in South Bay Shore Drive when McGee told her to take the car. On the way home, she had the accident. According to the above facts, the agreement was violated and Miss Taylor was not protected or insured by the rental agreement so Hertz is entitled to indemnification.
The appellant’s second point challenges the verdict claiming that it was excessive. There was sufficient evidence to support the jury’s determination of the damage amount. The trial judge so found when he refused to disturb the verdicts and denied the defendants’ motion for a new *786 trial. It would not appear to be in the interest of justice to have another jury assess the damages in this case. Cloud v. Fallis, Fla., 110 So.2d 669; Florida East Coast Railway Company v. Stewart, Fla. App., 140 So.2d 880; Red Top Cab and Baggage Company v. MacLaughlin (Fla. App.1965) 171 So.2d 22.
Affirmed.