245 So.2d 118 (1971)
Lucele NEWMAN, As Administratrix of the Estate of Edward Newman, Deceased, and Allstate Insurance Company, Appellants,
v.
NATIONAL INDEMNITY COMPANY, Hortense Green and Louis Green, Appellees.
No. 70-39.
District Court of Appeal of Florida, Third District.
February 9, 1971.
Rehearing Denied March 26, 1971.
Adams, George & Wood, and David L. Willing, Miami, for appellants.
Carey, Dwyer, Austin, Cole & Selwood, and Edward A. Perse, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal from a final judgment entered in a suit seeking declaratory judgment as to the extent of coverage under an automobile insurance policy containing a "family-household" exclusion and a "severability of interest" clause.
Defendant-appellees Louis Green and his wife Hortense Green, both residents of the same household, were injured while passengers in an automobile owned by Louis Green. Edward Newman, deceased, ("Driver") operated this automobile with Green's knowledge and consent. Louis Green was also the "named insured" of an *119 automobile insurance policy issued by defendant-appellee National Indemnity Company ("National"). Because of injuries received by the Greens, they sued the driver, Newman.
Plaintiff-appellant Lucele Newman, widow of Edward Newman, the driver, was named administratrix of his estate. She sought a declaration that the National policy issued to Louis Green, the car owner and named insured, required National to defend Driver against the claims of Louis and Hortense Green.
Plaintiff-appellant Lucele Newman contends that: the driver qualifies as an "omnibus insured" under the policy because he drove with the owner's permission; the "family-household" exclusion does not extend to an "omnibus insured" driver who is neither related to the named insured and his wife nor a member of the named insured's household; and the "severability of interest" clause limits the scope of the "family-household" exclusion.
The subject policy of insurance issued to Louis Green as named insured, was in full force and effect at all relevant times. In pertinent part it provides:
"* * * [The Company] Agrees with the insured, named in the declarations made a part hereof, * * * subject to the limits of liability, exclusions, conditions and other terms of this policy:
"INSURING AGREEMENTS
"1. Coverage A  Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
"Coverage B  Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property * * * caused by accident and arising out of the ownership, maintenance or use of the automobile.
[Other coverage omitted].
* * * * * *
"III Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person * * * legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.
* * * * * *
"CONDITIONS
"6. Severability of Interests  Coverages A and B: The term `the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.
* * * * * *
"AUTOMOBILE LIABILITY POLICY ENDORSEMENT

"This policy does not apply, under Coverage A, to bodily injury or sickness, disease or death of (1) the spouse or any parent, son, or daughter of the insured, while residing in the same household as the insured, or (2) the named insured, nor, under Coverage B, to any property damage loss sustained by any such party."
* * * * * *
We have examined the arguments, briefs, and record before us. We express the view that the rule to be applied in this case is as follows: The named insured (Louis Green) or a member of the family of the named insured residing in the household of the named insured (Hortense *120 Green) may not recover on the policy containing such an exclusionary clause although the car was driven by a third party who was an additional insured under the policy (plaintiff's decedent Edward Newman). See: Hogg v. State Farm Mutual Automobile Insurance Co., 276 Ala. 366, 162 So.2d 462 (1964); "Annotation," 50 A.L.R.2d 120; 7 Am.Jur.2d Automobile Insurance § 131.
Therefore, the judgment is affirmed.
Affirmed.