475 So.2d 1350 (1985)
UNITED STATES SUGAR CORPORATION and Frank Leonard Polhill, Appellants,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.
No. 84-2418.
District Court of Appeal of Florida, Second District.
October 2, 1985.
*1351 Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellants.
George Boggs and Stephen E. Hooper of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Fort Myers, for appellee.
OTT, Acting Chief Judge.
In this case we review the trial court's interpretation of the phrase "furnished for regular use" appearing in a Nationwide automobile insurance policy. We reverse the summary judgment of the trial court which denied coverage.
The facts are not in dispute. Appellant Polhill was employed by appellant United States Sugar Corporation (U.S. Sugar). U.S. Sugar provided Polhill with a vehicle to use for business purposes. Polhill drove the vehicle home at night and on weekends because he customarily traveled to U.S. Sugar fields and labor camps on his way to his office, during the night, and on weekends. U.S. Sugar permitted only business use of company-owned vehicles unless otherwise expressly authorized. Polhill had never received authorization to use his company-owned vehicle for personal reasons. On rare occasions in the past (perhaps six times in some sixteen years), he had made personal use of the U.S. Sugar vehicle. While using the vehicle for a personal errand, Polhill struck a pedestrian.
Appellee Nationwide insured Polhill's personal automobile. It provided coverage to Polhill when using a vehicle owned by someone not a member of his household, subject to the following pertinent exclusion:
Protection does not extend to losses:
... .

*1352 (b) occurring while the [nonowned] car is furnished to you or a member of your household for regular use.
The policy does not define the phrase "regular use." Based upon this exclusion, the trial court entered final summary judgment in favor of Nationwide, finding that Nationwide's policy provided no coverage for the accident in question.
Florida courts have never dealt with the definition of "furnished for regular use" in the context presented here, so we turn to other jurisdictions for guidance. We find a conflict in the foreign case law. See generally Annot., 8 A.L.R.4th 387 § 6 (1981).
Policy provisions which tend to limit or avoid liability are to be construed most liberally in favor of the insured and strictly against the insurer. National Automobile Insurance Association v. Brumit, 98 So.2d 330 (Fla. 1957). It is this rule which persuades us to follow the case law in California which considers the time, place, and purpose for which the automobile was to be used in determining whether the automobile was furnished for the regular use of the insured. For example, in Safeco Insurance Co. v. Thomas, 244 Cal. App.2d 204, 52 Cal. Rptr. 910 (1966), a government-owned automobile was assigned to an Internal Revenue Service agent for use on a field trip. After completing official business and dining with some fellow employees, the agent checked into a motel in another city. He then traveled several miles to a bar and met an individual whom he agreed to take back to the city where the motel was located. An accident occurred during the trip back to the city. The court held that "regular use" reasonably suggested principal use, and an automobile furnished for business purposes could hardly be said to have been furnished for the agent's regular use at a time and place when it was being used for strictly personal purposes. Thus, the accident was not within the purview of a clause in the agent's personal automobile insurance policy excluding coverage with respect to a nonowned automobile "furnished for the regular use of the named insured." See also Pacific Automobile Insurance Co. v. Lewis, 56 Cal. App.2d 597, 132 P.2d 846 (1943).
The purpose of a "nonowned automobile clause" is to provide coverage to the insured while engaged in infrequent or casual use of an automobile other than the one described in the policy. Walters v. Nationwide Mutual Insurance Co., 161 So.2d 225 (Fla. 1st DCA 1964). In our case, Polhill was engaged in an infrequent or casual use of the company-owned automobile, one which he customarily used only for business purposes. Thus, we conclude that the Nationwide policy afforded coverage to Polhill in the circumstances presented here.
The summary judgment in favor of Nationwide is reversed, and this cause is remanded for entry of summary judgment in favor of U.S. Sugar and Polhill.
CAMPBELL and SCHOONOVER, JJ., concur.