485 So.2d 458 (1986)
Kathryn M. LARSEN, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 85-646.
District Court of Appeal of Florida, Fourth District.
March 5, 1986.
Rehearing Denied April 9, 1986.
Edward L. Kind and Stuart A. Rader, Boca Raton, for appellant.
Frank Weathers, of Weathers & Seaman, Lantana, for appellee.
WALDEN, Judge.
This is an appeal from a summary final judgment entered in favor of the insurer, State Farm, and against the insured, Kathryn M. Larsen. Ms. Larsen appeals. We affirm.
Appellant Larsen and her niece were involved in a one-car accident on October 23, 1983. The niece, a minor, had been living with appellant since August 1982. Appellant made a claim to her insurance company for coverage of the niece's medical expenses incurred as a result of the injuries she suffered.
Appellee State Farm denied coverage based upon the following exclusion (2C) in appellant's policy:
2. FOR ANY BODILY INJURY TO:
a. A FELLOW EMPLOYEE WHILE ON THE JOB AND ARISING FROM THE MAINTENANCE OR USE OF A VEHICLE BY ANOTHER EMPLOYEE IN THE EMPLOYER'S BUSINESS. You and your spouse are covered for such injury to a fellow employee.
b. ANY EMPLOYEE OF AN INSURED ARISING OUT OF HIS OR HER EMPLOYMENT. This does not apply to a household employee who is not covered or required to be covered under any worker's compensation insurance.
c. ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD.
In short, the issue before us is the construction to be given the exclusion "any member of an insured's family residing in *459 the insured's household." Ms. Larsen contends that the word "family" as here used means only members of the insured's immediate family: father, mother and children. The insurer contends that the mentioned language is the standard "household exclusion" recognized in Florida. The company says that the exclusion applies not only to members of the immediate family but also to relatives who have become members of the insured's household. We agree with the company's position and recognize that often it will become a fact question as to whether a person has become integrated into the insured's household.
Here it is clear that Ms. Larsen was standing in loco parentis to her niece. For instance,
Niece had resided with the plaintiff continuously since August of 1982. Niece was a minor, age 16. Plaintiff registered niece in a local high school. Niece left her parents' home to live specifically with plaintiff. Plaintiff gave the local high school her home address and home telephone number to call in case of emergency situation with niece. Niece ate, slept and kept her clothes and personal possessions at plaintiff's home. Plaintiff arranged to have niece obtain an attorney, Mr. Kind, who is also attorney for plaintiff in this case.
The case of Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977), upheld the validity of the "household exclusion" saying:
Appellant filed suit against her sister and State Farm alleging that she was injured as a proximate result of her sister's negligence. State Farm denied liability, relying upon a provision in the policy that the insurance does not apply to bodily injury to any insured or any member of the family of an insured residing in the same household as the insured. Appellant and her sister resided in the same household. If the exclusion is valid, it applies.
It is generally accepted, in the absence of a statutory prohibition, that provisions of automobile liability insurance policies excluding from coverage members of the insured's family or household are valid. 46 A.L.R.3d 1024. This is also the rule in Florida. Newman v. National Indemnity Company, 245 So.2d 118 (Fla. 3d DCA 1971); see also Zipperer v. State Farm Mutual Automobile Ins. Co., 254 F.2d 853 (5th Cir.1958). The reason for the exclusion is obvious: to protect the insurer from over friendly or collusive lawsuits between family members. Id. at 1173.
Reid was relied upon in Linehan v. Alkhabbaz, 398 So.2d 989 (Fla. 4th DCA 1981) by this court in approving the insurer's denial of coverage based upon the same exclusion. In Linehan a mother's estate sued her daughter after an automobile accident in which the mother was killed. The car was owned and insured by the niece of the dead woman. This court found that on these facts, the insurer had successfully pleaded the exclusion.
See also State Farm v. McBride, 489 S.W.2d 229 (Mo. Ct. App. 1972), which concerned a nephew living as a member of the household of his aunt and uncle. It was there held that a similarly worded exclusion was applicable.
We hold that the exclusion is unambiguous. The niece was a member of the insured's family residing in the insured's household, hence, there is no coverage.
Affirmed.
ANSTEAD and DELL, JJ., concur.