543 So.2d 847 (1989)
ALLSTATE INSURANCE COMPANY, Appellant/Cross Appellee,
v.
Alycia R. BAKER, Appellee/Cross Appellant, and
Domini Lys Denisco, a Minor, by and through Her Parents and Natural Guardians, Joy Denisco and John Denisco, and Joy Denisco and John Denisco, Individually, Appellees.
No. 87-3126.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
Rehearing Denied June 21, 1989.
*848 Norman A. Coll and Michael J. Higer of Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, for appellant/cross appellee.
Mary Anne Philips of Green & Murphy, P.A., Fort Lauderdale, for appellee/cross appellant.
Richard A. Barnett of Barnett & Hammer, P.A., Hollywood, for appellees.
DOWNEY, Judge.
Appellant, Allstate Insurance Company, appeals from a final summary judgment declaring that its insurance policy affords uninsured motorist coverage for appellees, Domini Lys Denisco, a minor, and her parents, for injuries Domini suffered in an automobile accident. Appellee, Alycia R. Baker, has cross appealed from the same declaratory judgment finding that she was not entitled to liability coverage under the same insurance policy.
The litigation commenced when Domini and her parents brought a negligence action against Baker for damages due to injuries suffered by Domini in an automobile accident. Domini, a minor living with her parents, was a passenger in an automobile owned by her parents and driven by Baker, a family friend. Allstate intervened and filed a petition for declaratory relief to determine whether its insurance policy afforded liability coverage for Baker and uninsured motorist coverage for Domini and her parents. From a judgment finding uninsured motorist coverage available to Domini and her parents and no liability coverage available for Baker these appeals ensued.
The policy issued by Allstate to the Deniscos provides liability and uninsured motorist insurance coverage. However, the policy contains an exclusion commonly known as a "household exclusion" regarding the liability coverage, which states, among other things:
Exclusions  What is not covered. This coverage does not apply to liability for:
(6) Bodily injury to any person related to a person insured by blood, marriage or adoption and residing in the person insured's household.
Allstate contends that the circumstances involved in this case bring Baker's claim within the policy exclusion because Mr. and Mrs. Denisco's child, Domini, while a member of their household, was injured while riding as a passenger in their automobile driven with their consent by Baker, a friend of the family. Therefore, neither Domini nor her parents were afforded liability coverage under the policy. This position *849 is strongly supported by the general case law, including Reid v. State Farm Fire & Casualty Company, 352 So.2d 1172 (Fla. 1977), Larsen v. State Farm Mutual Automobile Insurance Company, 485 So.2d 458 (Fla. 4th DCA 1986), and Newman v. National Indemnity Company, 245 So.2d 118 (Fla. 3d DCA 1971). The exclusion has been generally accepted as a valid policy provision because it protects the insurer from "over friendly or collusive suits between family members." Reid v. State Farm, 352 So.2d at 1173. The same rationale would apply to close family friends. Newman v. National, 245 So.2d 118.
Baker acknowledges the "apparent abundance of authority" supporting Allstate's position but suggests that the cases relied upon by Allstate all involve situations in which the driver and injured passenger are resident relatives, except in Newman. We should observe here that the Florida Supreme Court, in Reid, cites Newman, as stating the prevailing rule in Florida. We, therefore, find no reversible error demonstrated in the cross appeal and affirm the judgment in that respect.
As pointed out above, the judgment under review found that the household exclusion precluded liability insurance coverage for Baker. However, it also found that, absent the effectiveness of the liability provision of the policy in these circumstances, the automobile in question became uninsured, bringing the uninsured motorist provisions into play and affording coverage to Domini and her parents. Allstate contends that conclusion is contrary to policy provisions and the existing state of the law in Florida and elsewhere.
The policy, vis-a-vis uninsured motorist coverage, defines an uninsured automobile as "a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident." Furthermore, it excludes from the definition of an uninsured automobile a "vehicle defined as an insured auto under the liability portion of [the] policy."
While the policy in question did have in effect a provision for bodily injury liability, that provision is not applicable here due to the circumstances of the case falling within the household exclusion. Thus, the Deniscos maintain that their automobile fell within the definition of an uninsured motor vehicle. The Deniscos rely on Jernigan v. Progressive American Insurance Company, 501 So.2d 748 (Fla. 5th DCA 1987), as did the trial court, for allowance of uninsured motorist coverage under the same policy.
The Deniscos also argue that uninsured motorist coverage was available because the driver and injured passenger in this case were not related. They point out that, in many of the cases holding that uninsured motorist coverage was unavailable, the driver and passenger were related. In Reid they were sisters; in Simon v. Allstate, 496 So.2d 878 (Fla. 4th DCA 1986), they were husband and wife; and so on. In essence, the Deniscos contend that, because Domini was not injured by a family member, the household liability exclusion would not be defeated by allowing uninsured motorist coverage. This distinction, though arguable, is not valid in our judgment. In Porr v. State Farm Mutual Automobile Insurance Company, 452 So.2d 93 (Fla. 1st DCA 1984), rev. denied, 496 So.2d 816 (Fla. 1986), Curtin v. State Farm Mutual Automobile Insurance Company, 449 So.2d 293 (Fla. 5th DCA 1984), rev. denied, 496 So.2d 815 (Fla. 1986), and Newman, there was no relationship other than friends. Likewise, in Jernigan the driver and injured passenger were not related.
While Jernigan allowed uninsured motorist coverage under the same policy within which liability coverage was unavailable, it does not stand for the proposition that uninsured motorist coverage should be available under the facts of the instant case. Jernigan was riding as a passenger in a vehicle owned by him but driven by an uninsured friend. After an accident in which Jernigan was injured, he filed a claim solely for uninsured motorist benefits under his policy. His insurer denied uninsured motorist benefits based on an uninsured motorist exclusion for bodily injury sustained by a person while occupying "a motor vehicle owned by you." The trial *850 court found that the exclusion was invalid as against public policy. The appellate court affirmed, finding that uninsured motorist coverage was available on the basis that Jernigan was legally entitled to recover from the operator of the motor vehicle which caused his injury.
In the instant case, Domini was riding as a passenger in a vehicle owned by her parents and driven by a family friend with their consent. Claims for both liability and uninsured motorist coverage under the Deniscos' policy on that vehicle were filed. The court was requested to determine whether a liability exclusion for "[b]odily injury to any person related to a person insured by blood, marriage or adoption and residing in that person insured's household" applied, and, if so, would uninsured motorist coverage then apply, whereas the Jernigan court was simply called upon to construe an uninsured motorist exclusion.
In Jernigan, no liability exclusion similar to the one in the instant case barred recovery, liability coverage was simply unavailable because the passenger was the owner of the vehicle. The Jernigan court specifically stated that it only questioned the continuing application of the principle of Reid (that a vehicle cannot be both insured and uninsured under the same policy), in cases where no family exclusion or other bar to recovery is involved. Thus, Jernigan recognized that, under facts such as those in the instant case, a vehicle cannot be both insured and uninsured under the same policy. In Jernigan, declaring the uninsured motorist exclusion invalid and allowing recovery did not defeat any valid liability exclusion. In the instant case, however, as pointed out by Allstate, allowing uninsured motorist coverage would defeat the valid household liability exclusion because it clearly provides that there is no liability coverage for bodily injury to any person related, etc., to the insured. Furthermore, the policy consideration at issue here is the threat of fraudulent or collusive lawsuits to the insurer, whereas in Jernigan it was the unreasonable limitation of uninsured motorist benefits to the insured. Even Jernigan recognized that the latter policy is a valid one.
In Curtin v. State Farm Mutual Automobile Insurance Company, 449 So.2d 293 (Fla. 5th DCA 1984), as in the instant case, the injured party was a passenger in a vehicle owned by his parents, whom he resided with, and the vehicle was permissibly driven by a friend of the family, who had no insurance of his own. In that case, although there turned out to be coverage under other policies of insurance, there was no liability or uninsured motorist coverage under the policy on the vehicle involved because of valid exclusions. Therein, the court stated:
Appellant concedes on appeal that he is barred from any recovery under the policy insuring the Cadillac, the car in which he was injured. The family exclusion provision of the liability portion of that policy would clearly bar his recovery there. Under the uninsured motor vehicle coverage, he is also clearly barred by the language of the policy which provides that the vehicle insured under that policy cannot be considered to be an uninsured motor vehicle.
This kind of exclusion has been upheld by the Florida Supreme Court in Reid v. State Farm Fire & Casualty Company, 352 So.2d 1172 (Fla. 1977). The court declared that this was an allowable exception to the general rule that an insurer will not be allowed to limit the applicability of uninsured motorist protection. In Reid, the court pointed out that, as in the instant case, the family car, which is defined in the policy as the insured motor vehicle is the same vehicle which appellant, under the uninsured motorist provision of the policy claims to be an uninsured motor vehicle.
449 So.2d at 294.
Thus, the weight of authority supports Allstate's arguments that, under circumstances such as we are dealing with in the present case, a vehicle cannot be transformed from an insured vehicle into an uninsured vehicle simply because liability coverage was barred due to a valid enforceable household exclusion in the same policy; to do so would nullify the exclusion. See also Hall v. State Farm Mutual Automobile *851 Insurance Company, 514 So.2d 853 (Ala. 1987) (following Reid and its progeny); Amica Mutual Insurance Company v. Wells, 507 So.2d 750 (Fla. 5th DCA 1987).
Accordingly, we affirm the portion of the judgment denying liability coverage to Baker and reverse the portion of the judgment finding uninsured motorist coverage available to the Deniscos under the Allstate policy.
AFFIRMED IN PART; REVERSED IN PART.
HERSEY, C.J., and ANSTEAD, J., concur.