PER CURIAM.
This is an appeal by the plaintiff/insured Empacadora De Castilla, S.A. from an adverse final summary judgment which concluded that there was no insurance coverage under the plaintiff’s marine insurance policy with the defendant/insurer Hemispheric Insurance Company, Ltd. for fire damage sustained by the insured vessel shortly after the Nicaraguan government had seized the vessel for alleged violations of Nicaraguan territorial fishing waters and imposed a fine as a condition for its return. Although (1) one of the perils insured against under the subject policy was fire damage to the insured vessel, and (2) the policy by its express terms remained in effect for fifteen days after the subject seizure, during which time the said fire occurred, the trial court nonetheless found no insurance coverage for this loss under two exclusions in the policy. The trial court reasoned:
“The policy of insurance in question specifically excludes coverage for any loss, damage or expense caused by, resulting from, or incurred as a consequence of any taking of the vessel by requisition or otherwise. Additionally, the policy specifically excludes coverage if any vessel is seized for or on account of any illicit or prohibited fishing activities.
Based upon the case law cited to this court and the facts involved in this case, this court concludes that the proximate cause of the loss of the vessel was the seizure of the vessel and not the ultimate fire. Accordingly, the provisions of the policy specifically exclude coverage.”
We disagree, and, accordingly, reverse the final summary judgment undér review and remand the cause to the trial court with directions to enter a final summary judgment in favor of the plaintiff/insured finding that there is insurance coverage for the loss sustained in this case. We reach this result because, simply stated, the seizure of the vessel by the Nicaraguan government was not the efficient cause of the subject fire loss. Without dispute, the fire resulted from a malfunction of the vessel’s engine and, it seems plain, could *1139 have occurred at any time with or without the subject seizure; the fire was in no way caused by an act or omission of the Nicaraguan government either in the physical act of seizing the vessel or in its operation thereafter, nor was it in any way related thereto. This being so, it is plain that the two exclusionary clauses relied on by the trial court have no application to this case — bearing in mind that (1) both exclusions require, broadly speaking, an efficient causal connection between the seizure of the vessel and the claimed loss, and (2) such exclusions, in case of any ambiguity, must be strictly construed in favor of the insured and against the insurer. See Tropical Park, Inc. v. U.S. Fidelity & Guar. Co., 357 So.2d 253 (Fla. 3d DCA 1978); cf. National Union Fire Ins. Co. v. Carib Aviation, Inc., 759 F.2d 873 (11th Cir.1985); State Farm Mut. Auto Ins. Co. v. Pridgen, 498 So.2d 1245 (Fla.1986); Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla.1979); U.S. Sugar Corp. v. Nationwide Mut. Ins. Co., 475 So.2d 1350 (Fla. 2d DCA 1985).
Reversed and remanded.