727 So.2d 287 (1999)
BUDGET RENT-A-CAR SYSTEMS, INC., Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 98-00906.
District Court of Appeal of Florida, Second District.
February 12, 1999.
*288 Kimberly D. Nolen of Haas, Ramey & Beik, Tampa, for Appellant.
H. Irene Higginbotham of Kevin W. Korth & Associates, St. Petersburg, for Appellee.
ALTENBERND, Judge.
Budget Rent-A-Car Systems, Inc. (Budget), appeals a summary final judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm). We reverse one portion of this judgment. In this case, State Farm takes the surprising position that it is not required to protect its insured under a standard family automobile liability policy for liability arising out of the use of a rental car, which was rented for one day for noncommercial purposes. It claims that the phrase, "leased by," in its policy unambiguously includes cars that are "rented by" its insured, even though its policy squarely distinguishes one type of vehicle from the other. One of the primary purposes of non-owned auto coverage in a family auto policy is to protect the insured from risks associated with short-term rentals. An insurance company that intends to exclude liability coverage for its named insureds for their use of standard rental cars must do so with clear and unambiguous language. Such language does not exist in this insurance policy.
On April 13, 1996, Beverly Tolbert rented a car from Budget in Tampa, Florida, for a one-day period. The rental agreement identified Ms. Tolbert as the sole "Renter," but also identified her boyfriend, Mark Grant, as an authorized driver. The agreement contained *289 statutory language making the valid and collectible liability insurance of any authorized driver the primary coverage. See § 627.7263(2), Fla. Stat. (1995). During this one-day rental, Mr. Grant drove the car to Daytona Beach without Ms. Tolbert. On the return trip, while driving in Tampa, Mr. Grant was involved in an accident and injured Althea Montgomery. Mr. Grant allegedly was under the influence of alcohol at the time of the accident. Ms. Montgomery made a claim against Budget, Ms. Tolbert, and Mr. Grant.
At the time of this accident, Ms. Tolbert had insurance on her family automobile with State Farm. Mr. Grant had no automobile liability insurance.[1] State Farm refused to extend coverage to Ms. Tolbert, Mr. Grant, or Budget for this accident. Instead, State Farm filed this action for declaratory relief against the three parties. Shortly after State Farm filed this lawsuit, Budget settled the claim with Ms. Montgomery for $62,500 and obtained a release for all three potential tortfeasors.
Ms. Tolbert and Mr. Grant did not respond to State Farm's lawsuit, and State Farm elected to default them. This probably created confusion in the trial court because Ms. Tolbert clearly was entitled to a defense and coverage from State Farm for Ms. Montgomery's claim. Budget answered and filed a counterclaim seeking coverage from State Farm and indemnity from Ms. Tolbert and Mr. Grant. On motions for summary judgment, the trial court ruled that Budget was not insured by State Farm and that State Farm had no obligation to reimburse Budget in this case. Although we agree that Budget was not insured by State Farm, a question remains as to whether Budget is entitled to indemnity from Ms. Tolbert, who is insured by State Farm.
Under the dangerous instrumentality doctrine, as a matter of tort law, Budget, as owner, and Ms. Tolbert, as lessee, are both liable for the negligence of Mr. Grant, as operator. See Roth v. Old Republic Ins. Co., 269 So.2d 3 (Fla.1972); Susco Car Rental Sys. of Florida v. Leonard, 112 So.2d 832 (Fla.1959); Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975 (1917). Because their liability is purely vicarious, they are both entitled to common law indemnity from Mr. Grant. See Dick Courteau's GMC Truck v. Comancho-Colon, 498 So.2d 1023 (Fla. 2d DCA 1986); Allstate Ins. Co., v. Value Rent-A-Car, 463 So.2d 320 (Fla. 5th DCA 1985). Ms. Tolbert, however, as the renter who allowed Mr. Grant to drive, would have an obligation under common law indemnity to reimburse Budget. See National Indem. Co., v. Ryder Truck Rental, Inc., 472 So.2d 856 (Fla. 3d DCA 1985); cf. Hertz Corp. v. Government Employees Ins. Co., 1998 WL 832640, 250 A.D.2d 181, 683 N.Y.S.2d 483 (1 st Dept. 1998) (under New York law, renter liable to reimburse rental car company for negligent operation of vehicle by third party).[2] Budget may have waived a portion of its common law right of indemnification from Ms. Tolbert because it listed Mr. Grant as an authorized driver in the contract, but the trial court never addressed this issue. From the record, it appears likely that Budget has a valid claim for common law indemnity from Ms. Tolbert for the portion of the settlement in excess of the statutory requirements of financial responsibility.[3]
*290 The controlling issue in this case is whether State Farm must provide coverage for Ms. Tolbert's vicarious liability for this rental vehicle. As a named insured on State Farm's policy, there is no question that Ms. Tolbert is an insured for purposes of this analysis. There is also no question that her decision to allow Mr. Grant to drive the vehicle was a "use" of the vehicle. See Hertz Corp. v. Amerisure Ins. Co., 627 So.2d 22 (Fla. 2d DCA 1993). The question is whether a short-term rental vehicle is a "non-owned" car for purposes of this policy.[4] If so, the policy protects Ms. Tolbert concerning her liability for bodily injury damages arising out of her use of the vehicle. The policy provides the following definition of "non-owned" car:

Non-Owned Car means a car not owned, registered or leased by:
1. you, your spouse;

2. any relative unless the car meets the requirements described below;
3. any other person residing in the same household as you, your spouse or any relative; or
4. an employer of you, your spouse or any relative.

A car owned, registered or leased by a relative is considered a non-owned car if, at the time of the accident or loss, the car has been insured for liability coverage within the last 30 days and is driven by an insured who does not own or lease the car. Non-owned car does not include a:
1. rented car while it is used in connection with the insured's employment or business;
or
2. car which has been operated or rented by or in the possession of an insured during any part of each of the last 21 or more consecutive days. If the insured is an insured under one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.
A non-owned car must be a car in the lawful possession of the person operating it.
(Emphasis in original.)
State Farm argues that this rental car is "leased by" Ms. Tolbert, and thus excluded from non-owned auto coverage. State Farm maintains that it used the word "leased" as an equivalent of "rented" in this policy, and that its usage should be clear to the insured. Strangely, State Farm did not reveal to the trial court the examples of vehicles excluded from the definition of non-owned car by its use of the terms, "rented car" and "rented by." If a rental vehicle used in connection with business is excluded from the definition, it stands to reason that a rental vehicle hired for private use is covered. If a rental car ceases to be a non-owned vehicle after twenty-one days, it stands to reason that it is a non-owned vehicle during the first twentyone days of the rental agreement. State Farm also overlooked cases in which rental vehicles have been treated as non-owned autos under its own insurance policies. See Alamo Rent-A-Car, Inc. v. State Farm Mut. Auto. Ins. Co., 114 Nev. 154, 953 P.2d 1074 (1998); State Farm Mut. Auto. Ins. Co. v. Robinson, 129 Idaho 447, 926 P.2d 631 (1996).
State Farm argues that the non-owned automobile clause is unambiguous, relying on Boyd v. United States Fidelity & Guaranty Co., 256 So.2d 1 (Fla.1972). Boyd involved an older standard non-owned vehicle clause which defined such an auto as one not owned or furnished for the regular use of the named insured. Although that older clause may have been unambiguous, it also clearly provided coverage for a rental car. As this court explained in U.S. Sugar Corp. v. Nationwide Mutual Insurance Co., 475 So.2d 1350, 1352 (Fla. 2d DCA 1985): "The purpose of a `non-owned automobile clause' is to provide coverage to the insured while engaged in infrequent or casual use of an automobile other than the one described in the policy." *291 By equating "lease" with "rent," State Farm is attempting to eliminate much of the purpose and protection afforded by this clause.
It is worth spending a moment to explain why it is more important that non-owned automobile coverage protect Floridians for their use of rental vehicles than vehicles that they borrow from friends. In this case, Ms. Tolbert's liability is based on the dangerous instrumentality doctrine. State Farm admits, however, that its analysis would provide no coverage to Ms. Tolbert if she had actually been driving the car at the time of the accident.
When a driver borrows an automobile from a friend who owns the car, the owner's insurance is primary and provides a defense to both the owner and the operator. See Allstate Ins. Co. v. Fowler, 480 So.2d 1287 (Fla.1985). Normally, the driver's insurance for non-owned cars is excess coverage. See Fowler, 480 So.2d 1287; George A. Vaka & Tracy Raffles Gunn, "Multiple Liability Insurance Policies," Florida Automobile Insurance Law, The Fla. Bar, Continuing Legal Education (4th ed.1998). Thus, if the driver's policy excluded coverage for this risk, at least the driver would normally have protection under the owner's coverage when the car is not a rental vehicle.
The legislature could have chosen to enact a similar rule for rental cars by which the price of the rental contract included primary coverage of $100,000 per claimant and $300,000 per accident for all authorized users. Cf. § 324.021(9)(b), Fla. Stat. (1997). For Florida residents, the resulting increase in the cost of the rental would have been at least partially offset by a reduction in the cost of family automobile insurance. But the legislature did not opt for this logical approach. Instead, it has allowed the rental car companies to create contracts of adhesion that make the renter's insurance primaryeven though the renter's insurance company is not a party to the rental contract. See § 627.7263(2), Fla. Stat. (1995). As a result, few areas of consumer law are more confusing than the question of who is liable to defend and pay claims for accidents arising out of the use of a rental vehicle. See, e.g., Allstate Ins. Co. v. RJT Enters., Inc., 692 So.2d 142 (Fla.1997); Fowler, 480 So.2d 1287; Maryland Casualty Co. v. Reliance Ins. Co., 478 So.2d 1068 (Fla.1985); Allstate Ins. Co. of Canada v. Value Rent-A-Car of Fla., Inc., 463 So.2d 320 (Fla. 5th DCA 1985). Although there is no general statutory regulation of non-owned auto coverage, section 627.7263(2) makes it very important that Floridians have non-owned automobile coverage that includes typical rental cars; otherwise they will have little or no insurance protection when they rent such a car. If State Farm or any other insurance carrier wishes to exclude coverage for this important risk, it must do so with language far more explicit than the language in this standard contract.
Although we are troubled by State Farm's decision to sue and then default its own insured under these circumstances, we will not set aside the default at this time. Budget has a pending claim for indemnity from Ms. Tolbert and its right to seek payment from State Farm if that claim is established is not affected by the default. The summary judgment in favor of State Farm is reversed to the extent that it prevents Budget from seeking payment from State Farm for its claim against Ms. Tolbert.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and GREEN, J., Concur.
NOTES
[1] Apparently, Mr. Grant had a policy with AIG that paid benefits under its collision coverage to Budget. Because this action for declaratory relief did not concern collision coverage or property damage to Budget's car, and AIG provided no liability coverage, it was never served as a party in this action.
[2] We recognize that common law indemnity usually allows passively negligent tortfeasors to recover from actively negligent tortfeasors. Both Budget and Ms. Tolbert are vicariously or passively liable in this case. Florida's dangerous instrumentality doctrine, creating liability on the part of owners and lessees for the negligence of operators, is unusual. When there is a chain of custody of the automobile, as a dangerous instrumentality, indemnity flows between the vicariously liable tortfeasors so that ultimate vicarious liability rests with the tortfeasor who entrusted the negligent driver with the vehicle. This is true even if the act of entrustment was not negligent.
[3] State Farm argues that it can exclude its exposure for this liability as a liability assumed by contract. Although it is true that the rental agreement contains an indemnity clause, the right of indemnity under Florida's dangerous instrumentality doctrine is neither contractual nor statutory. See Florida Power Corp. v. Taylor, 332 So.2d 687, 690 (Fla. 2d DCA 1976).
[4] This policy was issued for a policy period beginning January 5, 1996, using State Farm's policy form 9810.6. The declarations page indicates that it was issued containing form 6038, entitled "Amendment of Defined Words and Conditions." That amendment contains the definition of "non-owned car," which is quoted in this opinion.