SHEVIN, Judge.
We affirm the order dismissing the complaint. The trial court correctly ruled that the homeowner’s policy exclusion precluded coverage for injuries suffered by plaintiff, a named insured, allegedly caused by the negligence of another named insured. Contrary to plaintiffs contention, the bodily injury exclusion is clear and unambiguous; the exclusion provides that bodily injury coverage is not extended to named insureds as those insureds are defined in the policy. See Newman v. National Indent. Co., 245 So.2d 118 (Fla. 3d DCA 1971); Sciaudone v. Steuk, 128 N.H. 261, 512 A.2d 1108 (1986)(Souter, J.). In addition, the severability of interest provision does not limit the bodily injury exclusion; the court may not sever one named insured from another named insured effecting a severance within an integrated class. See Fidelity & Cas. Co. of N.Y. v. Fonseca, 358 So.2d 569 (Fla. 3d DCA), cert. denied, 365 So.2d 711 (Fla.1978); Sciaudone, 512 A.2d at 1108.
Accordingly, we conclude that the policy’s clear and unambiguous language excludes coverage for plaintiffs claim and that the severability clause does not provide an avenue of relief to plaintiff.
Affirmed.