PER CURIAM.

ON MOTION FOR REHEARING EN BANC

We grant rehearing, withdraw our prior opinion and substitute the following:
The issue in this ease concerns the application of the concept of indemnification as modified by the dangerous instrumentality doctrine in Florida. The operative facts are:
In 1993 Susan McDowell purchased a 1988 Cadillac from Boniface Hiers Buick, Inc. (Boniface). She had multiple problems with the vehicle and returned it. Boniface and McDowell agreed that she would trade the Cadillac in on a 1993 Buick. Although attempts by Boniface to obtain bank financing for McDowell proved unsuccessful, she was allowed the use of the Buick while these attempts (which may or may not have been authorized by McDowell) were in progress. She permitted her son’s girlfriend, Carolyn Parent, to drive the car. While doing so, Parent collided with a van owned by Scamp Rental and driven by Valezka. Rodriguez. This resulted in a lawsuit by the five passengers of the van against Scamp Rental, Rodriguez, Boniface and Parent. ■ Susan McDowell was not. a named defendant in that action.
Thereafter, Boniface filed a third-party complaint against McDowell and her carrier, Infinity Insurance Company (Infinity),, seeking indemnification from her as the bailor of the vehicle to Parent. Infinity asserted a coverage defense . against McDowell based upon an alleged material misrepresentation.[1]
In the main action the carrier for Boniface, Universal Underwriters Insurance Company (Universal), provided a “courtesy defense” to Parent. In time, Universal obtained releases from the original plaintiffs on behalf of Parent (the. active tortfea-sor) and Boniface, the settlement of these claims aggregating $838,000.00. Subsequently, Universal was added as a party plaintiff in Boniface’s pending third-party indemnification action against McDowell and Infinity. Thereafter, the circuit court *16 entered a summary judgment holding that Universal was entitled to indemnification against McDowell[2] for the amount of $1,279,480.43. That judgment is the subject of the instant appeal.
McDowell’s first argument on appeal is that Boniface (hence Universal) cannot seek indemnity because it is guilty of fault — ie., corrupt conduct (forgery) in attempting to obtain financing for her in the proposed purchase of the Buick and failure to promptly repossess the vehicle from McDowell when the financing failed. This argument is a specious mixture of apples and oranges, and completely misconceives the dangerous instrumentality doctrine. The financial dealings between McDowell and Boniface are unrelated to the issues of active (ie., causative) and passive (ie., imputed) negligence that impact Florida’s dangerous instrumentality doctrine,[3] and any indemnification arising therefrom. McDowell’s allegations against Boniface do not relate to the type of fault which appears in cases denying indemnification to a party guilty of some causative conduct. See, e.g., National Beverage Corp. v. Costco Wholesale Corp., 736 So.2d 142 (Fla. 3d DCA 1999).[4]
The controlling concept in this case is the dangerous instrumentality doctrine as explained in Budget Rent-A-Car Systems, Inc. v. State Farm Mutual Automobile Insurance Co., 727 So.2d 287 (Fla. 2d DCA 1999). Therein, Judge Altenbernd wrote:
We recognize that common law indemnity usually allows passively negligent tortfeasors to recover from actively negligent tortfeasors. Both Budget and Ms. Tolbert are vicariously or passively liable in this case. Florida’s dangerous instrumentality doctrine, creating liability on the part of owners and lessees for the negligence of operators, is unusual. When there is a chain of custody of the automobile, as a dangerous instrumentality, indemnity flows between the vicariously liable tortfeasors so that ultimate vicarious liability rests with the tortfeasor who' entrusted the negligent driver with the vehicle. This is true even if the act of entrustment was not negligent.
Id. at 289 n. 2.
In Budget the original bailor, Budget, is analogous to Boniface in the instant case; the interim bailee/bailor in that case, Ms. Tolbert, is analogous to McDowell in the instant case. Just as Tolbert was subject to an indemnification claim by Budget in that case, so is McDowell subject to an indemnification claim by Boniface (hence Universal) in the instant case.
McDowell’s second and third issues on appeal are unpersuasive.
The summary judgment entered below is AFFIRMED.
THOMPSON, C.J., HARRIS, PETERSON, GRIFFIN, SAWAYA, PALMER and ORFINGER, JJ., concur.
PLEUS, J., dissents with opinion, with which SHARP, W., J., concurs.
COBB, J., recused.

. The coverage issue raised by Infinity is the subject of separate litigation.

. This judgment did not include, nor exculpate, Infinity. The latter's liability vel non is not at issue in this appeal.

. See Susco Car Rental System v. Leonard, 112 So.2d 832 (Fla.1959)(citing Anderson v. Southern Cotton Oil Co., 64 So. 975).

.It is noteworthy that McDowell’s argument in the lower court was not that Boniface was barred from indemnification by its own actions, but rather that the entire fault lay with Parent and that McDowell’s bailment to Parent, standing alone, could not support an indemnification action by either Boniface or Universal.