PLEUS, J.,
dissenting.
I would deny the motion for rehearing en banc.
The purpose of Rule 9.330, Florida Rules of Appellate Procedure, is not to reargue the merits, but to bring to the court’s attention something the court overlooked or misapprehended. It is not a request for the court to change its mind as to a matter already decided. The instant motion for rehearing simply reargues the merits. It does not identify matters overlooked or misapprehended. In short, the motion is nothing more than a request for the court to change its mind. ,
This is another case in which a majority of this court is using the en banc rule improperly to overrule a prior panel.[1] Florida Rule of Appellate Procedure 9.331(a) provides: “En banc hearings and rehearings shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court’s decisions.” This case, with its highly unique facts, is neither of exceptional importance, nor is a change in outcome necessary to maintain uniformity in the court’s decision. I doubt we will even see another case with facts similar to this ease. Certainly, the initial opinion, while extremely important to the litigants, sets no judicial precedent important to the jurisprudence of Florida.
Again, calling to mind the admonition of Judge Cowart in State v. Georgoudiou, 560 So.2d 1241, 1247 (Fla. 5th DCA 1990), the Constitution contains no authorization for, a district court of appeal to sit en banc. The appellate rules allow only for en banc rehearings in cases of exceptional importance and where there is a need for uniformity.[2]
In an effort to justify changing the result in this case, the majority opinion in this ease suggests that Ms. McDowell “may or may not” have authorized unsuccessful attempts to obtain financing, thereby attributing some fault to her. However, the undisputed facts established in this record are that she.signed an application for a lease which had to be approved by Barnett Bank. Barnett, on the following day, denied financing on a lease. Without contacting McDowell on that date, or asking her to return the car, Boniface forged McDowell’s signature on a purchase (not a lease) agreement, which also was turned down.
Failing on that ground to justify changing the result, the majority states that the issue on appeal was not properly preserved for appellate' review; How they arrived at that conclusion' is a mystery because the trial court granted a summary judgment as a matter of law. McDowell has a right to appeal that judgment based on the status of the record at the time of the ruling. The failure of her attorney to argue at the summary judgment hearing the exact same issue as the issue framed on appeal does not mean the issue was not properly preserved.
Finally, the majority concludes as a matter of law that the “fault” of Boniface Buick must be the proximate cause of the injury, for which indemnity is sought, in order to bar recovery from McDowell. In *18 other words, the forgery and neglect to get the car back must be the proximate cause[3] of the car wreck involving Carolyn Parent. There is no clear precedent which requires application of this (I submit) new rule of law. Common law indemnity is a creature of equity and not of statute. Unclean hands will bar relief in equity whether or not the dirty hands caused the harm. The hands of Boniface are dirty from the forgery and its failure to timely seek return of the vehicle. This is particularly important in this case because there is support in the record to conclude Boniface assured McDowell the vehicle was covered by its insurance while in her possession and control — a fact which was untrue — and had McDowell known the true status of the car, she likely would have immediately returned it.
I submit, the record, for summary judgment purposes, establishes that but for the forgery and.,neglect, the accident would never had occurred. That is sufficient to bar Boniface seeking indemnity from McDowell. Florida recognizes that a legal duty arises whenever a human endeavor creates a generalized and foreseeable risk of harming others. In McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), the supreme court said:
Where a defendant’s conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon the defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that risk poses.
Boniface ignored its duty to inform McDowell that financing had been rejected and she should return the car.
In our prior opinion, we relied on Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979), which is the seminal Florida case on common law indemnity. Without citing Houdaille, the majority now concludes that the misconduct of Boniface must constitute “causative conduct.” They rely instead on Budget Rent-A-Car-Systems, Inc. v. State Farm Mutual Automobile Insurance Co., 727 So.2d 287 (Fla. 2d DCA 1999). The problem with their analysis is that Budget did not involve a rental car company at fault. If Boniface had no fault, Budget would be the controlling case, but Budget Rent-A-Car Systems is not controlling. Furthermore, as noted by Judge Altenbernd, the controlling issue in Budget was insurance coverage and not indemnity. 727 So.2d at 290. The main difference for our purposes, however, is in the fact that the party claiming indemnity in Budget was without fault.
It should be of constant concern to our appellate process, and the efficient administration of justice, that we render prompt justice. “Justice delayed is justice denied” may be a cliche to some, but to a litigant it is reality. Too many cases languish in this court for month after month while all ten judges pour over briefs and transcripts and then vote. In some cases, the delay is warranted. In this case, it is not.
This case, and others, send a message to the appellate bar that opinions of this court are simply a proposed order until we rule on the inevitable motions for rehearing en banc which seemingly follow most decisions we render. Finality is an important ingredient of the justice we administer. Granting motions for rehearing en banc for the sole purpose of changing the court’s mind is simply not the appropriate *19 way to achieve finality under our Constitution and appellate rules.
SHARP, W., J., concurs.

. In Chancellor Media Whiteco Outdoor, etc., et al. v. Department of Transportation, State of Florida, 795 So.2d 991 (Fla. 5th DCA 2001), we reversed the entry of a summary judgment by a unanimous three judge panel. This court then changed its mind by an improper use of the en banc rule.

. Article V, Section 4(a), Florida Constitution, provides that in the district courts of appeal “three judges shall consider each case and the concurrence of two shall be necessary to a decision.”

. The majority uses the term "causative conduct." I assume it to be the functional equivalent of proximate cause.