[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11341
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2011
JOHN LEY
CLERK

D. C. Docket No. 3:10-cv-00163-RS-EMT

GEICO INDEMNITY COMPANY,

Plaintiff - Appellant,

versus

JOE DAN NELSON, JR.,
TIM WARD,
et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 1, 2011)

Before HULL, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Geico Indemnity Company ("Geico") appeals the district court's grant of

summary judgment to Joe Dan Nelson, Jr., Tim Ward, Sarah Ward, and Mary French ("Defendants").  Nelson was driving French's car when it was involved in a crash.  The Wards were also occupants in the car, and Tim Ward suffered serious injuries.  Tim Ward sued Nelson, who was insured by Geico.  Geico then filed this case, seeking a declaratory judgment that Nelson's insurance policy with Geico did not cover French's vehicle or injuries to Tim Ward.  The only issues in the case are two legal questions: (1) whether French's vehicle was provided for Nelson's regular use and thereby excluded from Nelson's policy; and (2) whether Nelson resided in the same household as Tim Ward, thereby excluding him from recovering under Nelson's policy.  We review a grant of summary judgment de novo.  Clemons v. Dougherty Cnty., 684 F.2d 1365, 1368 (11th Cir. 1982).

Neither party disputes that the insurance contract is governed by Florida law.  In Florida, terms in insurance policies that tend to limit or avoid liability are "to be construed most liberally in favor of the insured and strictly against the insurer."  U.S. Sugar Corp. v. Nationwide Mut. Ins. Co., 475 So. 2d 1350, 1352 (Fla. Dist. Ct. App. 1985).

## I. "Non-owned auto" Provision

Nelson's Geico policy states that it will cover injuries "arising out of the ownership, maintenance or use of the owned auto or a non-owned auto."  The

policy defines "non-owned auto" in relevant part as a "private passenger, farm or utility auto or trailer not owned by, or furnished for the regular use of either you or a relative, other than a temporary substitute auto."

Neither party contends that Nelson owned French's car. The question is whether French "furnished [her car] for the regular use" of Nelson. If so, injuries arising from Nelson's use of the car will not be covered by Geico's policy. In Florida, when used in an automobile insurance policy, the phrase "furnished for regular use" reasonably suggests "principal use." U.S. Sugar, 475 So. 2d at 1352. That is, the Geico policy will provide coverage if Nelson was "engaged in infrequent or casual use" of French's vehicle. Id.

There is substantial evidence that Nelson's use of French's car was infrequent or casual. French testified that she was "very touchy" about other people using her car because it had been completely paid for, and she also said that Nelson never drove the vehicle to work, never drove it to visit his parents, and never drove it on his frequent hunting trips. Nelson testified that he did not possess a key to French's car and that he had to seek her permission to drive it, with such permission sometimes being withheld. He drove it up to eight times a month with her in the car when they would go out to dinner. The only times he drove it without her being in the vehicle were the two or three short trips a month

3

to the store when his own vehicle was blocked in the driveway. Nelson did not use French's vehicle in any regular or continual way, nor did he treat the car as one he could use whenever he wanted.

With the holding of United States Sugar on point, we need not accept Geico's invitation to interpret Nelson's insurance policy by analogizing it to cases dealing with policies that use broader language when defining a "non-owned auto." See Allstate Prop. & Cas. Ins. Co. v. Weny, No. 3:07-cv-1185-J16-HTS, 2009 WL 88576, at *3 (M.D. Fla. Jan. 13, 2009) (analyzing a policy defining a non-owned auto as one that is merely made "available or furnished for the regular use" of the insured); Valiant Ins. Co. v. Evonosky, 864 F. Supp. 1189, 1191 (M.D. Fla. 1994) ("available for the regular use"); Lumbermens Mut. Cas. Co. v. Lesly, 433 So. 2d 1299, 1300 (Fla. Dist. Ct. App. 1983) ("furnished or available for your regular use").

Geico also argues that Nelson and French were in a "committed relationship," and thus there was an expectation that they could share each other's property. See Fidelity & Cas. Co. of N.Y. v. Fonseca, 358 So. 2d 569, 575 (Fla. Dist. Ct. App. 1978) ("[H]usbands and wives who reside in the same household potentially have their spouse's vehicles available for use on a regular basis."). However, Nelson and French were not married. And as Geico concedes, the

<u>Fonseca</u> court did not even reach the issue of what was necessary to show that a vehicle had been "furnished for the regular use" of the insured. <u>Id.</u> at 574.[1] Also, Nelson's limited use of French's car would dispel any assumption that her car was "potentially . . . available for [her boyfriend's] use on a regular basis." <u>Id.</u>

On the undisputed facts, Nelson's use of French's car was "infrequent" or "casual," and the district court properly granted summary judgment to Defendants on this issue.

## II. "Insured's family" Provision

Nelson's policy also states that it will "not cover any bodily injury to any insured or any member of an insured's family residing in the insured's household." Geico argues that Nelson and Tim Ward are "family" and lived in the same "household" at the time of the accident, which means the policy would not cover Tim Ward's injuries.

However, as noted by the district court, the flaw in Geico's argument is as follows. The first question is whether Tim Ward is actually a member of Nelson's family. The policy does not define "family." Tim Ward is Nelson's step-father,

---

[1] In <u>Fonseca</u>, the wife was driving the husband's car, and the issue was coverage under the wife's policy pursuant to the nonowned car provision. 358 So. 2d at 570-71. The court held that the husband's car was not a non-owned car because that provision was defined to exclude a car owned by the "named insured," and the husband was defined in the policy as a named insured. <u>Id.</u> at 574.

and they are not related by blood. Florida courts seem to construe family exclusion policies to include all relatives who have "become integrated into the insured's household." Larsen v. State Farm Mut. Auto. Ins. Co., 485 So. 2d 458, 459 (Fla. Dist. Ct. App. 1986). Under this definition, Florida courts have found that a "family" would include a niece living in the same house as her aunt and uncle, id., and two sisters living with each other in the same house, Reid v. State Farm Fire & Cas. Co., 352 So. 2d 1172, 1172-73 (Fla. 1977).

Accordingly, Florida courts' analysis of "family" seems to overlap heavily with the analysis they would use to answer our second question: were Nelson and Tim Ward actually in the same "household" at the time of the accident? "Household" is not defined in the policy. To answer this question, Florida courts look to these factors: "(1) close ties of kinship, (2) fixed dwelling unit, and (3) enjoyment of all the living facilities." Dwelle v. State Farm Mut. Auto. Ins. Co., 839 So. 2d 897, 899 (Fla. Dist. Ct. App. 2003).

At the time of the accident, Nelson had not lived at the Wards' house for at least six months, did not have a key to the house, and his bedroom had been converted into a study. At most, he spent only a few nights at the Wards' house after he moved in with French. If he arrived when no one was home, he had to wait for Tim or Sarah Ward to arrive and let him in. All of his belongings were at

6

French's house, except perhaps for some of his hunting gear that remained at the Wards' house. While he did receive his Geico insurance bill at the Wards' mailing address, most of his mail was sent to French's house. Given Nelson's lack of access to the Wards' house and its facilities, the district court properly concluded from the undisputed facts that Nelson was not a member of Tim Ward's "household" at the time of the accident. Accordingly, the family exclusion portion of Nelson's policy does not apply, and the district court properly granted summary judgment to Defendants on this count.

AFFIRMED.[2]

---

[2]     All parties' requests for oral argument are DENIED.