519 So.2d 12 (1987)
Tammy J. SNIDER, Appellant,
v.
CONTINENTAL INSURANCE CO., Appellee.
No. 87-143.
District Court of Appeal of Florida, Fifth District.
October 29, 1987.
On Motion for Rehearing January 28, 1988.
Janet DeLaura Harrison of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellant.
No Appearance, for appellee.
DAUKSCH, Judge.
This is an appeal from a final summary judgment entered in an action seeking declaratory relief. Snider was involved in an accident while driving a car she leased. The leasing agency had an insurance policy with Continental Insurance Co. Continental settled with the injured party for $60,000. Continental conceded that the rental agreement did not properly shift the burden of primary insurance coverage and it was responsible for the first $10,000 of damages. § 324.021(7) and § 627.7263, Fla. Stat. (1985). Snider and Allstate appeal the trial court's determination that Allstate *13 must pay the second layer of coverage up to the Allstate policy limits of $25,000.
Continental argued below that Snider breached the rental agreement by driving intoxicated and that the rental agreement provides that the insurance policy will not cover a lessee who operates the vehicle in violation of the rental agreement. However, a rental agreement provision cannot be relied on to establish the provisions of the insurance policy. Southeastern Fidelity Ins. Co. v. Cole, 493 So.2d 445, 447 (Fla. 1986). It is the specific language of the policy, not the rental agreement, which controls the order of insurance payments. Continental's insurance policy insures the lessee regardless of whether the lessee operated the vehicle in violation of the terms of the rental agreement.
Since Snider is covered as an additional insured under the Continental policy, and Allstate had an "other insurance" clause providing that Allstate's liability insurance will be excess over other collectible insurance, Continental is obligated to pay the second level of insurance up to its policy limits. Allstate Ins. Co. v. Fowler, 480 So.2d 1287 (Fla. 1985); Metropolitan Property & Life Ins. Co. v. Chicago Ins. Co., 479 So.2d 114 (Fla. 1985); Holler Rental Co., v. Marsh, 488 So.2d 553 (Fla. 5th DCA 1986). The trial court's order requiring Allstate to pay the second layer of coverage and prejudgment interest is reversed.
Allstate contends that since Snider was an insured under Continental's policy, Continental should have been ordered to reimburse Snider and Allstate for the cost of the defense. The general rule is that attorney's fees incurred in the defense of a claim indemnified against are part of the damages allowable, but attorney's fees incurred in establishing the right to indemnification are not allowable. United States Automobile Assoc. v. Hartford Ins. Co., 468 So.2d 545 (Fla. 5th DCA 1985); American & Foreign Ins. Co. v. Avis Rent-A-Car System, Inc., 401 So.2d 855 (Fla. 1st DCA 1981); American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979). Accordingly, Allstate is entitled to only those attorney's fees it incurred in defense of Snider, but not those incurred in this indemnification claim and appeal. The case is remanded for a determination of the proper costs and fees.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
COBB, J.
In our original opinion herein we held that the appellant, Tammy J. Snider (Allstate's subrogor), was not entitled to attorney fees incurred in establishing her right to indemnification against the appellee, Continental Insurance Company. We said: "Accordingly, Allstate is entitled to only those attorney's fees it incurred in defense of Snider, but not those incurred in this indemnification claim and appeal."
This holding, while echoing a sound principle of law, misconceived the instant factual scenario wherein, as pointed out by Snider's motion for rehearing, "the entire thrust and purpose of the appellate attorney effort ... was necessarily in defense of Tammy J. Snider because the appeal was necessary to obtain a reversal of a judgment that had improperly been rendered against her."
The fees incurred by Snider (Allstate) at the trial and appellate levels in the instant case were not caused by her attempt to establish a right to indemnification; rather, they arose from her defense against Continental's affirmative claim for indemnification for reimbursement of a portion of its settlement with the injured party, one Jane Daley.
Accordingly, we grant rehearing and hold that Snider is entitled to reimbursement from Continental Insurance Company for attorney fees expended on this appeal. This cause is remanded to the trial court for assessment of a reasonable appellate fee.
REHEARING granted; OPINION CLARIFIED.
ORFINGER, J., concurs.
DAUKSCH, J., dissents with opinion.
*14 DAUKSCH, J., dissents with opinion.
I respectfully dissent.
The original opinion does not misconceive the factual scenario. Jane Daley, the victim, sued the rental agency, Sunshine Dodge, and Tammy Snider for negligence. Tammy Snider and her insurer, Allstate, as third party plaintiffs, sued Continental for declaratory relief. Continental, as insurer for Sunshine Dodge, settled with the victim.
Continental, as third party defendant, counterclaimed against Snider and Allstate for indemnity. The trial court denied Snider/Allstate's motion for summary judgment for declaratory relief. The trial court granted summary judgment on the indemnity action and entered a final judgment stating the order of payment. Snider appealed this final judgment determining indemnity and the order of coverage.
The motion for rehearing or clarification makes a distinction without a difference. The motion argues that the cases cited for the proposition that attorney's fees are not awarded in indemnification actions do not apply here because those cases had separate indemnity actions. Simply because the indemnity action in this case was a permissive counterclaim in the original negligence suit does not preclude this court from refusing to award attorney's fees for the indemnity action.
Clearly, the only issue on appeal was the indemnity counterclaim as the original negligence suit was settled and not disputed. Snider's claim that the entire thrust of the appellate attorney effort was to obtain a reversal of a judgment is true; the reversal of a judgment of indemnity. The original opinion recognizes that Snider is entitled to attorney's fees incurred in the defense of the original negligence suit but not those incurred on the indemnity counterclaim and the subsequent appeal from the indemnity judgment.