PER CURIAM.
Euglogio Avila entered into an Automobile Rental Agreement with Budget Rent-A-Car of Miami, Inc. He was fatally injured when his rented vehicle collided with an uninsured automobile. Alida Avila, wife of the deceased and personal representative of his estate, brought this action against the lessor alleging entitlement to uninsured motorist benefits or, alternatively, that the lessor sold liability insurance to the deceased without offering uninsured motorist coverage in violation of section 627.727(1), Florida Statutes (1989). Construing the policy, in the absence of supporting affidavits or other evidence, the trial court entered a summary judgment for the defendants. We reverse.
Two issues are raised by the appellant: (1) Whether the lessor, a self-insurer who sold insurance coverage to the deceased, was required to offer uninsured motorist coverage up to the limits of liability coverage pursuant to section 627.727(1), Florida Statutes and (2) whether the contract drafted by the lessor for the rental and insurance coverage was ambiguous on the coverage issue, thus precluding a summary judgment without a consideration of parol evidence.
The face of the Rental Agreement reflects that the deceased paid a premium for “Damage Waiver” insurance and for “Personal Accident Insurance” as described in a separate certificate of insurance which is “available on request.” Although a provision on the reverse side of the agreement declares that the insurance described on the front does not include uninsured motor *760 ist coverage, and that it is the entire agreement between the parties, that language is qualified by another provision which nullifies its conclusive effect where an alteration is agreed to by Budget in writing, or the paragraph or portions of the paragraph are unlawful or in conflict with public policy-
Avila contends first that the Rental Agreement is ambiguous because Personal Accident Insurance in the amount of $150,-000 — for which a premium is charged — is provided on the front of the agreement, and the coverage could include uninsured motorist coverage. The certificate of insurance was not produced by the lessor in support of its summary judgment motion. A second contention is that the lessor, as an admitted self-insurer, is held to all the obligations of an insurer including a statutory duty to offer uninsured motor vehicle coverage as part of the sale of liability insurance.
The lessor responds that (1) paragraph seven of the agreement expresses in clear terms that there is no coverage for damages caused by an uninsured motorist or an uninsured motor vehicle, (2) it did not sell liability coverage, (3) the lessor’s rejection of uninsured motorist coverage in its excess policy with St. Paul Fire and Marine Insurance Company was effective to deny any uninsured motorist coverage to the deceased-lessee, and (4) the $150,000 Personal Accident Insurance purchased by the deceased was a health insurance policy.
As already noted, the first response relies on qualified language in the policy. There is a material issue of fact whether the lessee purchased, or had good reason to believe that he was purchasing, a policy that would provide benefits in the event of a collision with an uninsured vehicle. There is also a legal issue, not specifically addressed by the trial court, whether the lessor, as a self-insurer up to the first $100,000, is insulated from a duty to provide uninsured motorist coverage to its lessee by virtue of a rejection of such coverage with its excess carrier. This court’s opinion in Guardado v. Greyhound Rent-A-Car, Inc., 340 So.2d 510 (Fla. 3d DCA 1976), relied on by the lessor, does not answer the question.
In MacKenzie v. Avis Rent-A-Car Sys., Inc., 369 So.2d 647 (Fla. 3d DCA 1979), we held that where there is a reference in the rental agreement to another policy providing coverage without a sufficient identity of the policy, a defendant is not entitled to a summary judgment on the basis of what may or may not be a covered loss by the terms of the referenced policy. See also Riccio v. Allstate Ins. Co., 357 So.2d 420 (Fla. 3d DCA 1978) (in light of evidence that the plaintiff sought to be “fully covered” in purchase of insurance, a fact question remained for the jury on whether the defendant had complied with statute requiring that uninsured motorist coverage be provided).
Reversed and remanded for further consistent proceedings.