606 So.2d 364 (1992)
DIVERSIFIED SERVICES, INC., etc., et al., Petitioners,
v.
Alida AVILA, etc., Respondent.
No. 76800.
Supreme Court of Florida.
October 15, 1992.
Richard M. Gale of Dube and Wright, P.A., Miami, for petitioners.
Carlos A. Rodriguez, Fort Lauderdale, for respondent.
HARDING, Justice.
We have for review Avila v. Diversified Services, Inc., 565 So.2d 759 (Fla. 3d DCA 1990), based on conflict with Lipof v. Florida Power & Light Co., 558 So.2d 1067 (Fla. 4th DCA 1990), approved, 596 So.2d 1005 (Fla. 1992). We have jurisdiction. Art. V, sec. 3(b)(3), Fla. Const.
The issues presented in this case are: 1) whether section 627.727(1), Florida Statutes (1989),[1] requires a self-insured automobile leasing company that provides its lessees compliance with the financial responsibility law to offer uninsured-motorist insurance coverage; and 2) whether the rental agreement drafted by the automobile leasing company for rental and insurance coverage was ambiguous on the coverage issue, thus precluding a summary judgment. We hold that section 627.727(1) does not require self-insured automobile leasing companies to offer uninsured motorist coverage to its lessees for leases that are less than one year in duration. Further, we find that the rental agreement in the instant case is not ambiguous concerning the coverage issue.
Eulogio Avila entered into a vehicle rental agreement with Diversified Services, Inc., a foreign corporation, d/b/a Budget Rent-A-Car of Miami, Inc. (Budget), a *365 Florida corporation, on May 25, 1984. He was fatally injured when his rented vehicle collided with an uninsured vehicle. Alida Avila, the decedent's widow and the personal representative of his estate, brought an action against Budget alleging entitlement to uninsured motorist benefits or, alternatively, that Budget sold liability insurance to the decedent without offering uninsured motorist coverage in violation of section 627.727(1). Budget denied all allegations of proximate cause, injury, and damage, and alleged that it fulfilled its obligation by providing Avila with compliance under the Florida Financial Responsibility Law, sections 324.021(7) and 324.171, Florida Statutes (1983). Budget asserted that it was the named insured in an excess comprehensive general liability insurance policy, and that it had rejected uninsured motorist coverage because of its status as a self-insurer.[2] Thus, Budget concluded that it did not owe Avila the duty to offer uninsured motorist coverage. Finally, Budget also argued that the rental agreement clearly stated that uninsured motorist coverage was not provided to Avila. The trial court granted the summary judgment.
The Third District Court of Appeal reversed the trial court's summary judgment by finding that "[t]here is a material issue of fact whether the lessee purchased, or had good reason to believe that he was purchasing, a policy that would provide benefits in the event of a collision with an uninsured vehicle." Avila, 565 So.2d at 760. The district court also noted a second issue not specifically addressed by the trial court, "whether the lessor, as a self-insurer up to the first $100,000, is insulated from a duty to provide uninsured motorist coverage to its lessee by virtue of a rejection of such coverage with its excess carrier." Id.
The first issue for resolution here is whether section 627.727(1) requires a self-insured automobile leasing company that provides its lessees compliance with section 324.031, Florida Statutes (1989), the Florida Financial Responsibility Law, to offer uninsured motorist coverage.[3] Section 627.727(1) states in pertinent part:
(1) No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state ... unless uninsured motor vehicle coverage is provided therein... . When a motor vehicle is leased for a period of 1 year or longer and the lessor of such vehicle, by the terms of the lease contract, provides liability coverage on the leased vehicle, the lessee of such vehicle shall have the sole privilege to reject uninsured motorist coverage... .
Section 627.727(1) requires that uninsured motorist coverage be offered in two instances: 1) when a motor vehicle liability insurance policy is issued; and 2) when a motor vehicle is leased for a period of 1 year or longer and the lessor of such vehicle, by the terms of the lease contract, provides liability coverage on the leased vehicle. This Court recently addressed the issue of the duty to offer uninsured motorist coverage in Lipof v. Florida Power & Light, 596 So.2d 1005 (Fla. 1992).
*366 In Lipof, this Court held that section 627.727 does not require an employer, who provides an employee compliance with section 324.031 through a surety bond, to offer the employee uninsured motorist coverage. We found that the legislature had defined the term "motor vehicle liability policy" as "issued by any insurance company authorized to do business in this state." § 324.021(8), Fla. Stat. (1983). Because the employer in Lipof was not an insurance company, we concluded that the employment agreement did not fit within the definition of a "motor vehicle liability policy." Thus, section 627.727 did not impose a duty on the employer to offer uninsured motorist coverage.
Although the manner of compliance in Lipof is distinguishable from the instant case, the reasoning in Lipof is instructive in this case. Budget provided Avila's compliance with section 324.031 through its status as a self-insurer. As in Lipof, providing compliance through self-insurance is not the same as issuing a "motor vehicle liability policy"; therefore, section 627.727 is not applicable. Nor does Budget's status as a self-insurer make it an "insurer" under the Florida Insurance Code. Government Employees Ins. Co. v. Wilder, 546 So.2d 12 (Fla. 3d DCA), review denied, 554 So.2d 1168 (Fla. 1989). Thus, we find that section 627.727 does not impose a duty on self-insured automobile leasing companies to offer uninsured motorist coverage on leases that last less than a year.
We also note that the legislature intended that lessors be required to offer uninsured motorist coverage only for leases longer than one year. Section 627.727(1) expressly states that when a vehicle is leased for a period longer than one year and the lessor agrees to provide liability coverage on the leased vehicle the lessee has the "sole privilege to reject uninsured motorist coverage." Under the statutory construction rule expressio unius est exclusio alterius, the statute's language requiring only lessors who provide liability coverage on vehicles leased over one year to offer uninsured motorist coverage necessarily excludes lessors of vehicles for less than one year from any duty to offer uninsured motorist coverage. Thus, we find that section 627.727(1) does not require that Budget offer uninsured motorist coverage on its leases for less than one year.
The second issue for review is whether Budget's rental agreement containing both rental and insurance coverage was ambiguous on the coverage issue, thus precluding a summary judgment. The front of the rental agreement shows that the decedent paid a premium for a "Damage Waiver" insurance and for "Personal Accident Insurance." On the reverse side of the agreement, paragraph 7 states in pertinent part:
BUDGET will provide personal injury protection benefits with the maximum deductible allowed by law (should personal injury protection benefits be required under the laws of the state wherein the vehicle was rented) and Renter does hereby agree to accept said coverage. BUDGET also agrees to provide to Renter and driver liability insurance coverage with limits of liability equal to the minimum limits required by the financial responsibility law of the State in which the vehicle is rented.
... .
The insurance coverage referred to in this paragraph 7 does not apply:
a) To damages caused to any person including Renter and driver by an uninsured motorist or uninsured motor vehicle... .
... .
This paragraph 7 constitutes the entire agreement between BUDGET and the Renter and driver regarding the terms and conditions of the insurance provided by BUDGET to the Renter and driver and no alteration thereof shall be valid unless agreed to by BUDGET in writing... .
Avila argues that the rental agreement was ambiguous because the decedent paid a premium for Personal Accident Insurance in the amount of $150,000 that could have included uninsured motorist coverage. Budget contends that the agreement clearly states that uninsured motorist coverage *367 is not covered. We agree with Budget and find that the agreement states in clear and unambiguous language that uninsured motorist coverage is not included in the rental agreement. The district court erred in overturning the trial court's summary judgment absent some showing that the parties altered the agreement. Moreover, at oral argument counsel for respondent conceded that Avila's estate received the full amount of coverage which he purchased, the $150,000 from the Personal Accident Insurance Policy. Because Avila has collected the full amount of insurance coverage purchased, we find that no issue of fact exists concerning whether the estate is entitled to more coverage. Thus, the district court erred in overturning the trial court's grant of summary judgment.
Thus, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, C.J., and KOGAN, J., concur in result only.
NOTES
[1] The district court below based its opinion on section 627.727(1), Florida Statutes (1989). We note, however, that the record shows that Avila rented the automobile May 1984; thus the appropriate statute is section 627.727(1), Florida Statutes (1983). However, this opinion applies the 1989 statute which was the basis of the decision below.
[2] According to the record, St. Paul Fire and Marine Casualty Insurance Company (St. Paul), issued Budget an excess automobile liability insurance policy which covered Budget for each occurrence in the amount of $900,000, above the underlying limits of $100,000. Prior to Avila's appeal to review the summary final judgment, St. Paul was dismissed from this case by the trial court based upon the exclusion in the St. Paul policy stating that no insurance is afforded for uninsured motorist coverage. The Third District Court of Appeal affirmed the trial court's dismissal without opinion. Avila v. St. Paul Fire & Marine Ins. Co., 522 So.2d 397 (Fla. 3d DCA 1988) (table).
[3] Section 324.031, Florida Statutes (1989), provides in relevant part:

The operator or owner of a vehicle may prove his financial responsibility by:
(1) Furnishing satisfactory evidence of holding a motor vehicle liability policy as defined in s. 324.021(8) and s. 324.151;
(2) Posting with the department a satisfactory bond of a surety company authorized to do business in this state, conditioned for payment of the amount specified in s. 324.021(7);
(3) Furnishing a certificate of the department showing a deposit of cash or securities in accordance with s. 324.161; or
(4) Furnishing a certificate of self-insurance issued by the department in accordance with s. 324.171.