626 So.2d 976 (1993)
BUDGET RENT A CAR SYSTEMS, Inc., Appellant,
v.
Robert Mark TAYLOR, and Valley Forge Insurance Company, Appellees.
No. 92-1955.
District Court of Appeal of Florida, Fourth District.
October 13, 1993.
Rehearing and/or Certification; Rehearing Denied December 10, 1993.
Richard A. Sherman of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Joseph W. Ligman of Ligman, Martin & Evans, Coral Gables, for appellant.
Betsy E. Gallagher and Gail Leverett of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, and Peterson & Bernard, Fort Lauderdale, for appellees.
Rehearing and/or Certification; Rehearing En Banc Denied December 10, 1993.
DOWNEY, JAMES C., Senior Judge.
Appellant, Budget Rent A Car Systems, Inc., appeals from a non-final order entered in an action for declaratory relief in favor of appellees, Robert Mark Taylor and Valley Forge Insurance Company. The order appealed from holds that appellant, Budget, owed appellee, Taylor, a continuing duty to defend Taylor in a tort action arising out of the use of a leased automobile.
It appears that Taylor leased an automobile from Budget, a licensed, automobile rental agency, pursuant to a written contract. While using said automobile, Taylor was involved in an accident which resulted in the underlying suit for damages by one, Murphy, against Taylor and Budget. After that suit was commenced and Budget had assumed the defense thereof, Budget advised Taylor *977 that it intended to settle the claim against Budget for $10,000, the amount of coverage it was required to pay under its rental contract as a self-insurer. Prior to trial, Budget did, in fact, pay Murphy the sum due under its contract and in due course received a complete release of Budget and a partial release of Taylor to the extent of the amount Budget paid Murphy. Taylor had a personal liability insurance policy with appellee, Valley Forge Insurance Company, and Valley Forge assumed the defense of Taylor in the tort action which ultimately resulted in a jury verdict for Murphy of $23,000. Judgment was thereupon entered for Murphy for $13,000 after setting off the amount paid by Budget.
Thereafter, Taylor and Valley Forge commenced this suit to obtain a judicial declaration that Budget had breached its duty to defend Taylor and for damages incurred by Taylor's insurer, Valley Forge, in assuming the Taylor defense of the tort action. After a non-jury trial, based upon stipulated facts, the trial court entered the order appealed from in which it found that Budget had a duty to defend through the conclusion of the Murphy tort action. It also held that once Budget had assumed the defense of itself and Taylor, the duty to defend continued throughout that litigation.
On appeal, Taylor and Valley Forge suggest the sole issue involved to be whether "having undertaken the renter's defense, Budget was permitted to withdraw that defense prior to obtaining a complete release of Taylor, or until the conclusion of the trial." Budget would answer that proposed question in the negative based on this record because it argues that the rental contract does not call upon Budget to continue the defense of the case after it has, in good faith, paid the amount of coverage for which Taylor contracted.
The rental contract entered into by the parties provides in pertinent part:
LIABILITY INSURANCE: IF THERE IS NO VIOLATION OF ANY OF THE USE RESTRICTIONS IN PARAGRAPH 5 ABOVE, Renter and any Authorized Driver shall, while operating the Vehicle, be provided with liability coverage in accordance with the standard provisions of a Basic Automobile Liability Insurance Policy or in accordance with the requirements of a qualified self-insurer instead of such coverage, for protection against liability for causing bodily injury (including death) and property damage with one of the following applicable coverage limits:
coverage limits imposed by the state financial responsibility law where this rental transaction takes place; OR
coverage limits of $100,000 each person, but not more than $300,000 for each occurrence and property damage limits of up to $25,000 for each occurrence if a Renter, at time of rental, possessed valid Budget CorpRate or Sears Checklist Charge credentials ...
A. All coverages automatically conform to the basic requirements of any "No-Fault" law which may be applicable. RENTER WAIVES UNINSURED AND UNDERINSURED MOTORIST, SUPPLEMENTAL NO-FAULT AND OTHER OPTIONAL COVERAGES.
B. If any coverages herein cannot be excluded or waived, Renter agrees that such coverages shall be automatically reduced to the minimum requirements of the applicable financial responsibility law and that such coverages shall be excess to any other applicable insurance.
C. Renter agrees to cooperate fully in the investigation and defense of and to deliver to the renting location every document relating to any accident, claim or lawsuit.
D. Renter will defend and indemnify the renting location, Budget and Sears, from all loss, liability, and expense in excess of the coverages available under the terms of the Agreement.
(Emphasis added).
Budget is a self-insurer and provides liability coverage for its renters in the amount of $10,000, in accordance with the contract. To qualify as a self-insurer under section 324.171, Florida Statutes (1989), Budget was required to obtain a certificate of self-insurance from the Department of Highway Safety & Motor Vehicles. One of the conditions for obtaining such certificate, was the furnishing *978 of evidence of financial responsibility as provided in section 324.021(7). Budget did so by demonstrating its ability to respond to damages for liability on account of accidents arising out of the use of motor vehicles to the extent of $10,000. In the context of this case it is noteworthy that this requirement for liability coverage appears not in the Florida Insurance Code but in the section of the statutes dealing with motor vehicles.
As stated above, when the underlying tort action commenced against Budget and Taylor, Budget entered upon the defense thereof as to its own individual liability, as owner, and on behalf of Taylor as the alleged tortfeasor. In due course, Budget settled with Murphy, and received the above-described releases. It also advised Taylor that payment of that obligation terminated its obligation under the contract. Whereupon, the defense of the tort action was assumed by Taylor's personal liability carrier with coverage of $250,000. As pointed out above, a trial of the case resulted in a judgment for Murphy, which Valley Forge paid. Thereafter, Valley Forge and Taylor commenced this suit for declaratory relief contending Budget was responsible to them for the expenses incurred in taking on the defense of the case after Budget refused to further defend Taylor.
We begin by recognizing some well-established rules pertinent to this controversy. Since Budget is a self-insurer, its liability to its renter under the contract is not that of an insurance company under the Florida Insurance Code, nor is the contract an insurance policy under said code. Diversified Svcs., Inc. v. Avila, 606 So.2d 364 (Fla. 1992); Lipof v. Florida Power & Light Co., 596 So.2d 1005 (Fla. 1992); Government Employees Ins. Co. v. Wilder, 546 So.2d 12 (Fla. 3d DCA), rev. denied, 554 So.2d 1168 (Fla. 1989). All of the authorities we have found subscribe to the proposition that a duty to defend is purely contractual and if there is no contract to defend, no such duty exists. A sampling of said authorities is 14 Couch on Insurance 2d § 51.35 (1982); 7c Appleman, Insurance Law & Practice § 4682 (1979); All-Star Insurance Corp. v. Steel Bar, Inc., 324 F. Supp. 160 (N.D.Ind. 1971); Jones v. Southern Marine & Aviation Underwriters, Inc., 888 F.2d 358 (5th Cir.1989); Westchester Fire Ins. Co. v. Rhoades, 405 S.W.2d 812 (Tex. Ct. App. 1966). In the ordinary insurance contract, the duty to defend is found in the provisions of the insurance policy.[1]Diversified, supra. However, in this case, we are not dealing with an insurer or an insurance policy, but rather a self-insurer-lessor and a rental contract between the parties. As the court said in Lipof, supra, providing compliance [with the financial responsibility law] through self-insurance is not the same as issuing a motor vehicle liability policy; therefore, section 627.727 is not applicable, nor does Budget's status as a self-insurer make it an "insurer" under the Florida Insurance Code.
In the face of this clear, exposition of the general rules applicable in situations such as the one presented here, appellees understandably attempt to shift the focus of the origin of the duty to defend. Appellees state in their brief:
Regardless of whether BUDGET is deemed to be an "insurer," or whether the rental agreement is a "policy" of insurance, BUDGET had a duty to defend, and undertook that defense.
*979 Having established a duty by ipse dixit, appellees argue:
Without specific language in the rental agreement which would permit withdrawal of the defense upon tender of the limits of liability insurance provided in the contract, BUDGET had a duty to continue the defense until its conclusion.
It seems to us that if there is no contractual duty to defend in the parties' contract then there is no duty to defend. The fact that Budget furnished both itself and Taylor a defense to the extent of Budget's coverage does not mean it must continue defending Taylor, regardless of the extent of Taylor's exposure. It must be remembered that Budget did not abandon Taylor. It simply allowed Taylor's personal liability carrier to assume the defense it had contracted to furnish Taylor in its policy. We, thus, find Taylor suffered no prejudice. In fact, he received more than he was entitled to, i.e., a free defense of his liability to the extent of the coverage he purchased.
Furthermore, the contract under consideration provides that Taylor will defend and indemnify Budget for any excess over the coverage provided in the contract. The contract states:
D. Renter will defend and indemnify the renting location, Budget and Sears from all loss, liability, and expense in excess of the coverages available under the terms of this Agreement.
If Budget were obligated to continue defending Taylor beyond the $10,000 coverage, provision D. of the rental contract would be meaningless.
Finally, Valley Forge, Taylor's personal liability carrier, argues that Budget is a primary carrier and Valley Forge an excess carrier because of the language of its policy:
[A]ny insurance we provide for a vehicle you do not own shall be excess over any other collectible coverage insurance.
However, we reject that argument upon authority of Southeast Title & Ins. Co. v. Collins, 226 So.2d 247 (Fla. 4th DCA), cert. denied, 232 So.2d 180 (Fla. 1969) and State Farm Mutual Automobile Ins. Co. v. Universal Atlas Cement Co., 406 So.2d 1184 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 877 (1982), which hold that self-insured coverage obtained to meet the Florida Financial Responsibility Act is not "other collectible insurance" under automobile liability policies issued to drivers of leased automobiles which exclude primary coverage for non-owned automobiles if other collectible insurance was available.
In conclusion, we hold that Budget did not have a duty to defend Taylor beyond its exposure of $10,000, once it had paid said amount due and obtained a release of Taylor to the extent of the amount paid. The duty to defend which appellees seek to impose on Budget finds no support in the contract of the parties or in any other source. Furthermore, the absence of any prejudice accruing to Taylor by virtue of Budget assuming the defense to the extent of the exposure cannot create a duty to continue Taylor's defense throughout the remainder of the litigation. Budget performed all of its contractual responsibilities and then some.
Accordingly, we reverse the judgment appealed from and remand for judgment to be entered in favor of appellant.
REVERSED AND REMANDED.
DELL, C.J., and FARMER, J., concur.
NOTES
[1] An example of the usual type provision found in standard policies is set forth in Carrousel Concessions, Inc. v. Florida Ins. Guar. Ass'n, 483 So.2d 513, 515 (Fla. 3d DCA 1986), which provides:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
See also Risjord & Austin, Liability Insurance Cases 24 (1989).