ON MOTION FOR REHEARING AND REHEARING EN BANC

PER CURIAM.
Although neither party cited to Budget Rent A Car Sys. v. Taylor, 626 So.2d 976 (Fla. 4th DCA 1993), in their appellate briefs, appellee now contends on motion for rehearing that our opinion in the instant case conflicts with Budget. We disagree for the following reasons.
First, there are factual distinctions between the eases. In Budget, this court ruled that Budget, a self-insured rental agency, had no duty to defend its lessee after Budget settled the claim against itself for $10,000, obtained a release of itself and obtained a partial release of the lessee to the extent of the $10,000 paid by Budget. Unlike in RJT, Budget did provide a defense and partial release until the limit of its obligation under the rental contract was reached. The issue on appeal in Budget related only to the duty to defend beyond the $10,000 limit. The RJT opinion is limited to the layer of primary coverage up to the basic minimum limit required by the financial responsibility laws ($10,000). RJT specifically notes that beyond this point contractual language and rules of indemnity would determine any further responsibility.
Second, where the requirements of section 627.7263, Florida Statutes (1985), are met, the effect of the RJT decision is to place the rental agency in the shoes of the renter with respect to the primary layer of coverage provided by the renter’s insurer. Thus, since appellee, the renter’s insurer, was required to defend as well as indemnify the renter pursuant to the insurance contract, it has the same obligation to the rental agency because the requirements of section 627.7263 were *61 met. To the contrary, although the contract between Budget and its renter established that Budget would provide coverage up to the $10,000 limit, it apparently did not provide for a defense of the renter even within that layer of coverage.
Accordingly, we find no conflict between the current case and Budget. We therefore deny appellee’s motion for rehearing and rehearing en bane.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
STEVENSON, J., concurs in result only without opinion.