PER CURIAM.
Joyce Cook appeals a final summary judgment for the Sheriffs Automobile Risk Program based on the trial court’s ruling that the Sheriffs Automobile Risk Program is a self-insurance fund authorized by subsection 768.28(14), Florida Statutes (Supp.1988), rather than an insurance company within the meaning of section 627.727, and therefore Cook is entitled to receive only $10,000 in uninsured motorist coverage on a non-staeked basis. Cook contends that the trial court erred in finding no stacking of uninsured motorist coverage because section 627.727 provides that uninsured motorist coverage is required, unless rejected, for any “motor vehicle liability insurance policy” delivered or issued for delivery in the state, and that the Sheriffs Automobile Risk Program issued an insurance policy to its insured in this case.
We conclude that this issue has been definitively decided contrary to Cook’s contention and affirm the appealed judgment on the authority of Lipof v. Florida Power and Light Co., 596 So.2d 1005 (Fla.1992), Diversified Services, Inc. v. Avila, 606 So.2d 364 (Fla.1992), and Budget Rent A Car Systems, Inc. v. Taylor, 626 So.2d 976 (Fla. 5th DCA 1993). See also Hillsborough County Hospital and Welfare Board v. Taylor, 546 So .2d 1055, 1056 (Fla.1989) (“In a variety of contexts, a significant number of American jurisdictions have held that self-insurance is not the same as insurance.”).
AFFIRMED.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.