807 So.2d 91 (2002)
CONTINENTAL CASUALTY COMPANY, Appellant,
v.
CITY OF SOUTH DAYTONA, Florida, etc., Appellee.
No. 5D00-2106.
District Court of Appeal of Florida, Fifth District.
January 11, 2002.
Rehearing Denied February 18, 2002.
Geoffrey D. Ringer and Rick L. Martintale of Ringer, Henry & Buckley, P.A., Orlando, for Appellant.
Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., Fort *92 Lauderdale and J.D. Fuller of Pine & Berger, Maitland, for Appellee.
PETERSON, J.
Continental Casualty Company (Continental) appeals a final summary judgment in favor of the City of South Daytona (City). Continental contends that the trial court erred by awarding attorney's fees and costs to the City and the City's insurance company, Nutmeg Insurance Company (Nutmeg).
The South Daytona / Halifax Little League Association (Little League) contracted to use the City's facilities for Little League events. The Little League promised to assume responsibility for any and all claims which arose from the use of the City's facilities, to protect, defend, indemnify, and hold harmless the City from any and all claims including personal injury, and to secure an insurance policy naming the City as a co-insured.
During one of the Little League games a baseball coach was hit in the face by a baseball and sued the City and the Little League. The City notified Nutmeg, its general liability insurer, of the action and it in turn requested Continental, the insurer that the Little League procured, to satisfy its promise to the City. Continental says it offered to contribute to the cost of the defense of the City subject to its right to review the propriety of the legal fees and to have input into the defense of the case. The City contends, however, that Continental chose not to participate in the defense of the claim leaving the defense to Nutmeg. The City eventually prevailed in the action as a result of the defense provided by Nutmeg.
The City then filed a petition for declaratory relief against Continental seeking judicial determination of its rights under the policy secured by the Little League and reimbursement for the costs of defense incurred by it and Nutmeg as well as attorney's fees and costs for filing of the declaratory action.
Both the City and Continental moved for summary judgment. The City asserted that its agreement with the Little League shifted liability for injuries to third parties from the City's own liability carrier to the Little League's liability carrier and that the primary obligation to defend and indemnify the City for an action arising out of the Little League's use of the City's facilities was that of Continental. Continental argued that the City was not the real party in interest and that Nutmeg, the real party in interest, had no right of subrogation or contribution against Continental pursuant to the prevailing case law of Argonaut Insurance Co. v. Maryland Casualty Co., 372 So.2d 960 (Fla. 3d DCA 1979), and Continental Casualty Co. v. United Pacific Insurance Co., 637 So.2d 270 (Fla. 5th DCA), rev. denied, 645 So.2d 451 (Fla.1994).
Finding the terms and conditions of the agreement between the City and the Little League to be controlling, the trial court determined that the City and the Little League agreed that any claims which arose from the use of the City's facilities were to be primarily and exclusively covered by the insurance provided by the Little League. The court then awarded the City and Nutmeg attorney's fees and costs incurred in the defense of the initial claim by the injured coach as well as fees and costs incurred in bringing the declaratory action.
Continental contends that the trial court erred in focusing on the agreement between the City and the Little League in granting judgment for the City citing Argonaut and Continental as support. Argonaut, which was followed in Continental, held that an insurer is not entitled to *93 recover from another insurer the costs of defending a mutual insured. These two cases, however, are inapplicable because they addressed the issue of equitable subrogation among insurers where there was no contract of indemnification between the insured parties. In the instant case, there is a specific and contractual obligation of indemnification in favor of the City that was provided by the Little League, who in turn was required to and did insure that obligation by securing the Continental policy.
We agree with the City that the agreement with the Little League shifted exposure from the City's own liability carrier to the Little League's liability carrier, and that the primary obligation to defend the City for an action arising out of the Little League's use of the City's facilities was with Continental. Continental's failure to defend entitles the City, as the indemnitee or the additional insured, to a recovery of reasonable attorney's fees incurred in the defense of the claim. See Florida Patient's Compensation Fund v. Miller, 436 So.2d 932, 933 (Fla. 3d DCA 1983)(an indemnitee is entitled to recover legal expenses as a part of its damages). An indemnitee's insurer is also entitled to recover those expenses. See Snider v. Continental Ins. Co., 519 So.2d 12, 13 (Fla. 5th DCA 1987); American & Foreign Ins. Co. v. Avis Rent-A-Car Sys., 401 So.2d 855 (Fla. 1st DCA 1981). The award of attorney's fees and costs to the City and its insurer was correct. However, the trial court's award of attorney's fees and costs to the City and its insurer incurred in the declaratory action is not allowable. See Snider, 519 So.2d at 13 ("The general rule is that attorney's fees incurred in the defense of a claim indemnified against are part of the damages allowable, but attorney's fees incurred in establishing the right to indemnification are not allowable."); American Home Assur. Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979) (in the absence of statute or agreement, there is no basis for an award of attorney fees for either the trial or appellate prosecution of an action for indemnity).
We affirm the trial court's award of attorney's fees and costs incurred by the City and its insurer in the defense of the initial claim, but reverse the award of attorney's fees and costs incurred by the City and its insurer in the instant declaratory action. We remand for the purpose of determining the appropriate amount of the fees.
AFFIRMED IN PART; REVERSED IN PART; REMANDED
GRIFFIN and ORFINGER, R. B., JJ., concur.