PLEUS, J.
Robert Rosati (Robert) appeals from a final order denying his motion for determination of entitlement to attorney’s fees and costs.
Robert rented a car from Alamo. While the Alamo car was being operated by a permissive user, Robert’s brother Anthony, it collided with a car operated by Nancy Vaillancourt.
Vaillancourt sued Anthony, Robert and Alamo for her injuries. Vaillancourt failed to obtain service of process on Robert and the court dismissed the action against Robert. However, Vaillancourt’s action against Anthony and Alamo proceeded, and Alamo brought a third-party complaint against Robert and a crossclaim against Anthony, seeking indemnification from both. Anthony filed a crossclaim against Alamo seeking indemnification. Robert filed a crossclaim against Anthony seeking indemnification, including costs and attorney’s fees.
Vaillancourt settled with Alamo and thereafter voluntarily dismissed with prejudice her complaint as to Alamo. Alamo voluntarily dismissed with prejudice its third-party complaint against Robert and its crossclaim against Anthony. Anthony voluntarily dismissed with prejudice his crossclaim against Alamo. However, Robert did not dismiss his crossclaim for indemnification against Anthony.
Robert filed a motion for determination of entitlement to attorney’s fees and costs based upon a common law theory of indemnification. Robert claimed entitlement to indemnification from Anthony for attorney’s fees and costs incurred in his defense. The trial court denied Robert’s motion on the ground that Robert had not expended any funds for attorney’s fees and costs. The trial court further found that Robert’s insurance carrier, Arbella, expended the funds for attorney’s fees and costs but that Arbella, pursuant to the non-joinder statute, section 627.4136, Florida Statutes (2002), was not a'party to the lawsuit.
Robert asserts that the non-joinder statute did not preclude his claim for recovery of attorney’s fees and costs against Anthony based on principles of common law indemnification. Section 627.4136(1), Florida Statutes, provides the general prohibition against joining a liability insurer as a party:
It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
The operative provision applicable to the instant case, which was engrafted upon the statute in 1992, is found at subsection (2):
Notwithstanding subsection (1), any insurer who pays any taxable costs, or attorney’s fees which would be recoverable by the insured but for the fact that such costs, or fees were paid by the insurer shall be considered a party for the purpose of recovering such fees or costs.
Under subsection (2), an insurer who pays taxable costs or attorney’s fees which would be recoverable by the insured had the insured paid them, is considered a party for the purpose of recover *470 ing such fees or costs. The initial inquiry then concerns whether the sums expended by Arbella for costs and attorney’s fees in defense of its insured Robert would have been recoverable by Robert had he himself actually paid such sums. This requires consideration of principles of common law indemnity.
Indemnity is a right which inures to one who discharges a duty owed by him but which, as between himself and another, should have been discharged by the other. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979). To succeed on a claim of common law indemnity, a party must show that it was wholly without fault and that its liability was purely vicarious, derivative or technical. Id.; Doles v. Koden International, Inc., 779 So.2d 609 (Fla. 5th DCA 2001).
Robert asserts that as lessee of the motor vehicle, his liability was purely derivative or vicarious. The dangerous instrumentality doctrine imposes liability on the part of owners and lessees for the negligence of operators of motor vehicles. Susco Car Rental System v. Leonard, 112 So.2d 832 (Fla.1959). Because their liability is purely vicarious, both Alamo and Robert would be entitled to common law indemnity from the actively negligent tortfeasor. Allstate Insurance Co. v. Value Rent-A-Car, 463 So.2d 320 (Fla. 5th DCA 1985). See also McDowell v. Rodriguez, 822 So.2d 14 (Fla. 5th DCA 2002), rev. denied, Case No. 02-1560, 842 So.2d 844 (Fla. Mar. 3, 2003); Budget Rent-A-Car Systems, Inc. v. State Farm Mutual Automobile Ins. Co., 727 So.2d 287 (Fla. 2d DCA 1999). This right to indemnification includes not only the amount of any judgment entered against the indemnitee, but also recovery of reasonable attorney’s fees and costs incurred as a result of the lawsuit brought against the indemnitee due to the indemnitor’s active negligence.[1] American and Foreign Insurance Co. v. Avis Rent-A-Car System, Inc., 401 So.2d 855 (Fla. 1st DCA 1981); Insurance Company of North America v. King, 340 So.2d 1175 (Fla. 4th DCA 1976). See also Continental Casualty Co. v. City of South Daytona, 807 So.2d 91 (Fla. 5th DCA 2002).
Anthony does not quarrel with these general principles of indemnity law but rather argues that he was not the proper target of Robert’s request for recovery of attorney’s fees and costs. Anthony’s position is predicated on a ruling by the trial court that Alamo’s rental contract failed to shift primary liability under Florida’s Financial Responsibility Act to Robert. Under section 627.7263, Florida Statutes, the lessor’s liability insurance is primary unless the rental agreement validly shifts primary responsibility to the lessee. Alamo’s rental agreement was deemed not to satisfy the requirements of the statute [2] so that Alamo had to provide primary liability insurance coverage (the first $10,000). Anthony asserts that since Alamo did not validly shift primary liability coverage to Robert, Alamo was responsible for the duty of defense of Vaillaneourt’s claim, as well as for Vaillaneourt’s claim up to $10,000 (which the damages in this case did not exceed). According to Anthony, if Robert incurred attorney’s fees and costs *471 for his defense, his claim for recovery- is against Alamo and not him. Anthony adds:
Common law indemnity . imposes ultimate liability and duty to defend on an active tortfeasor. However, that doctrine can not apply when it would operate to frustrate the specific purpose or statute which imposes primary liability and duty to defend on a specific party. That is exactly what Fla. Stat. § 627.7263 does. To allow common law indemnity to trump the statute and shift the duty to defend the case with respect to the first $10,000.00 to Anthony, rather than Alamo, renders the statute a nullity. The undisputed facts are that this case never exceeded that initial threshold and has now been settled with no consequence to [Robert], The duty to pay the damages, as well [as] the complete duty to defend, rested with Alamo by the specific language of the statute.
Where properly invoked, section 627.7263 provides that the lessee and not the lessor is responsible for providing primary liability insurance on a leased vehicle and that the lessee’s insurer will defend its insured in any suit against the lessee. Allstate Insurance Co. v. RJT Enterprises, Inc., 692 So.2d 142 (Fla.1997); State Farm Mutual Automobile Insurance Co. v. InterAmerican Car Rental, Inc., 707 So.2d 788 (Fla. 3d DCA 1998).[3] Where a lessor fails to properly invoke the provisions of section 627.7263, the lessor and its insurer (if any) remain primarily responsible for damages caused as a result of negligence in the use of the vehicle. Gray v. Major Rent-A-Car, 563 So.2d 176 (Fla. 5th DCA 1990); Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216 (Fla. 3d DCA 1982). In Guemes, the court added that where there is defective compliance by the lessor with the statute, “The lessee necessarily contracted for [the lessor] to provide liability insurance coverage as part of the rental agreement.” 414 So.2d at 218. This statement in Guemes is too expansive and should read instead that “the lessee necessarily contracted for [the lessor] to provide primary coverage,” since the lessor could elect to be a self-insurer and provide liability coverage for the first $10,000 of any damage recovery. See Budget Rent A Car Systems v. Taylor, 626 So.2d 976 (Fla. 4th DCA 1993).[4]
This is more than just a semantic difference, because whether the lessor has a policy of insurance which provides coverage for the lessee may be determinative of the crucial question of whether the lessee was owed a duty of defense in the litigation. The Taylor decision illustrates this point well. That case involved the issue of whether Budget, which validly elected to be a self-insurer for its renters in the amount of $10,000, owed its lessee, Taylor, a continuing duty of defense in the tort action arising out of use of the leased automobile after Budget’s coverage limit was exhausted. The Fourth District ruled that Budget did not, and stated that Budget actually owed Taylor no duty of defense.. The court explained that Budget was not an insurance company under the Florida Insurance Code nor was the lease an insurance policy under the code. The court then explained:
*472 All of the authorities we have found subscribe to the proposition that a duty to defend is purely contractual and if there is no contract to defend, no such duty exists. A sampling of said authorities is 14 Couch on Insurance 2d § 51.35 (1982); 7c Appleman, Insurance Law & Practice § 4682 (1979); All-Star Insurance Corp. v. Steel Bar, Inc., 324 F.Supp. 160 (N.D.Ind.1971); Jones v. Southern Marine & Aviation Underwriters, Inc., 888 F.2d 358 (5th Cir. 1989); Westchester Fire Ins. Co. v. Rhoades, 405 S.W.2d 812 (Tex.Ct.App.1966). In the ordinary insurance contract, the duty to defend is found in the provisions of the insurance policy. [Diversified Svcs., Inc. v. Avila, 606 So.2d 364 (Fla.1992).] However, in this case, we are not dealing with an insurer or an insurance policy, but rather a self-insurer-lessor and a rental contract between the parties. As the court said in Lipof [v. Florida Power & Light Co., 596 So.2d 1005 (Fla.1992) ] providing compliance [with the financial responsibility law] through self-insurance is not the same as issuing a motor vehicle liability policy; therefore, section 627.727 is not applicable, nor does Budget’s status as a self-insurer make it an “insurer” under the Florida Insurance Code.
626 So.2d at 978 (footnote omitted).
The supreme court has subsequently clarified that “in the absence of an express statutory or contractual duty to defend, there is no such duty.” RJT, 692 So.2d at 144.
The Taylor court reasoned that if no contractual duty to defend was contained in the parties’ lease agreement, then no duty to defend existed. The court added that Budget owed Taylor no duty to continue the defense it provided and that Taylor had, in fact, “received more than he was entitled to, i.e., a free defense of his liability to the extent of the coverage he purchased.” Taylor, 626 So.2d at 979.
In the instant case, it appears Alamo was a self-insurer for the first $10,000 of liability and accordingly, undertook no obligation to defend Robert. Further, Alamo brought a third party action against Robert seeking indemnification. Accordingly, Robert was forced to incur defense costs for which he would be entitled to indemnification from the actively negligent tortfea-sor.
The remaining question concerns whether subsection 627.4136(2) of the nonjoinder statute contemplates that the insurer or the insured shall recover a judgment for such amounts.
Anthony argues that the plain language of subsection 627.4136(2) allows the insurer and not the insured to move for and obtain a judgment for those taxable costs and attorney’s fees which the insurer paid on behalf of its insured:
(2) Notwithstanding subsection (1), any insurer who pays any taxable costs or attorney’s fees which would be recoverable by the insured but for the fact that such costs or fees were paid by the insurer shall be considered a party for the purpose of recovering such fees or costs....
(Emphasis added).
Robert counters that the subsection permits recovery of attorney’s fees and costs without the need for the insurer to become a party. Robert asserts that by use of the word “considered,” the legislature intended that the insurer be deemed a party for the purpose of recovery of fees and costs, and that to require an insurer such as Arbella to become a party in order for it to recover such sums is superfluous.
The subsection, in providing that “the insurer shall be considered a party for the purpose of’ recovery of attorney’s fees and *473 costs, would seem to amount to a statutory-recognition that as to such sums, the insurer is the real party in interest, able to prosecute such claims in its own name. Consideration of Florida Rule of Civil Procedure 1.210(a) assists in making this point:
(a) Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person’s own name without joining the party for whose benefit the action is brought....
Subsection 627.4136(2), rather than authorizing the insured to sue for the use and benefit of the real party in interest, the insurer, deems the insurer a party for the purpose of recovery of such fees and costs. Accordingly, it was Arbella, the insurer, which was statutorily entitled to move for a judgment for the attorney’s fees and costs which it paid on behalf of Robert. The trial court’s ruling that Robert could not recover such sums and that Arbella was a non-party to the action pursuant to the non-joinder statute effectively precluded recovery of such sums despite subsection (2) of the statute.
We reject Anthony’s contention that Alamo’s settlement of the underlying tort claim bars Robert’s claim for indemnification. Where a settlement occurs, a party may nevertheless pursue an indemnity claim against the actively negligent party. See GAB Business Services, Inc. v. Syndicate 627, 809 F.2d 755 (11th Cir. 1987) (construing Florida law); Maseda v. Honda Motor Co., 861 F.2d 1248 (11th Cir.1988) (construing Florida law). We find it difficult to envision that, given the realities of this case, extensive litigation would be necessary as to the issue of Anthony’s active negligence. Nevertheless, theoretically, Anthony may insist that Arbella adduce proof that Anthony was actively negligent. See generally Maple Chair Co. v. W.S. Badcock Corp., 385 So.2d 1036 (Fla. 1st DCA 1980).
We affirm the order to the extent that it precludes Robert from recovery of such sums but reverse that portion of the order adjudicating that Arbella could not obtain a judgment for such sums because of the non-joinder statute. We remand to permit Arbella to move for an award of fees and costs pursuant to section 627.4136(2).
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
THOMPSON and TORPY, JJ., concur.

. Attorney's fees incurred in establishing the right to indemnification, however, are not recoverable. Continental Casualty, 807 So.2d at 93.

. Under section 627.7263, the lessor’s liability insurance is primary unless the rental agreement shifts primary responsibility to the lessee by a notice in at least ten point type on the face of the rental agreement. The “shifting” language appeared on page 11 of Alamo’s master agreement and the trial court found this notice was not on the face of the agreement.

. This shifting of responsibility for the duty to indemnify to the extent of the financial responsibility requirements of law to the lessee’s insurer does not encompass a duty on the part of the lessee's insurance carrier to defend the lessor. RJT at 145 ("section 627.7263 does not require lessees to provide a defense to lessors after agreeing to assume responsibility for ‘primary coverage’ ”).

. Section 324.171, Florida Statutes, governs eligibility of a lessor such as Alamo to qualify as a self-insurer.