PER CURIAM.
Having considered appellant’s arguments on jurisdiction, we dismiss this appeal as premature because there is a related claim pending below. Raymond James Assocs., Inc. v. Godshall, 851 So.2d 879 (Fla. 1st DCA 2003) (dismissing appeal where money judgment included reservation of jurisdiction to determine additional damages). Specifically, the order on appeal expressly reserved jurisdiction to enter a supplemental judgment on a claim for indemnity. The pending indemnity claim involved the same construction services as the claims resolved in the order on appeal. Although damages under the pending claim may be limited in this case, in a claim for indemnification, attorneys fees and costs are elements of damages that are not collateral to the main claim for indemnification. See American & Foreign Ins. Co. v. Avis Rent-A-Car System, Inc., 401 So.2d 855, 857 (Fla. 1st DCA 1981) (“As a general rule, an indemnitee is entitled to recover, as part of his damages, reasonable attorney’s fees and reasonable and proper legal costs and expenses, ... ”); see also Continental Cas. Co. v. City of South Daytona, 807 So.2d 91, 93 (Fla. 5th DCA 2002) (distinguishing between fees incurred in defense of an indemnified claim and fees incurred in action for indemnity). The order on appeal is not final because it does not bring an end to the judicial labor required of the cause. DISMISSED.
*509 THOMAS, WETHERELL, and RAY, JJ., concur.