# Supreme Court of Florida

_____

No. SC2025-0241

_____

## IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE.

June 11, 2026
### **CORRECTED OPINION**

PER CURIAM.

The Florida Bar's Appellate Court Rules Committee filed a

report proposing amendments to Florida Rules of Appellate

Procedure 9.100 (Original Proceedings), 9.210 (Briefs), 9.310 (Stay

Pending Review), 9.800 (Uniform Citation System), and 9.900

(Forms).[1]

The Board of Governors of The Florida Bar unanimously

recommends acceptance of the proposed amendments.  The Court

published the proposed amendments for comment, and one

comment was received regarding the proposed amendments to rule

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

9.100.  The Committee filed a response to the comment, withdrawing its proposal to amend rule 9.100 in light of the comment filed but requesting the Court to adopt the remaining amendments as proposed.

We accept the withdrawal of the Committee's proposal for rule 9.100 and decline to amend rule 9.100 at this time.  We adopt the other amendments as proposed by the Committee with additional amendments to rule 9.210 and a minor modification to the proposed amendment to rule 9.900.  We discuss the more significant amendments below.

First, in rule 9.210, we add a new subdivision (b)(3) to require inclusion of a jurisdictional statement in the initial brief.  The subsequent subdivisions are renumbered accordingly.  Renumbered subdivision (b)(6) is amended to specify that the initial brief must include "for each issue presented, argument with citation to appropriate authorities, a citation to the record on appeal where the issue was preserved, and a statement of the applicable appellate standard of review."  Also, we rephrase renumbered subdivision (b)(9) to clarify that a certificate of compliance is only required for computer-generated briefs.

Next, we amend rule 9.310 by adding "Automatic Stay" to the title of subdivision (b) so that it reads "Exceptions; Automatic Stay." Next, in subdivision (b), we delete the word "principal" to make it clear that the bond must be equal to the amount of the judgment plus twice the statutory rate of interest. We further replace "on judgments on the total amount on which the party has an obligation to pay interest" with "in effect on the date the judgment is filed" to clarify whether postjudgment interest can be awarded on the portion of the judgment that was prejudgment interest.

We also amend the case citations in rule 9.800 to reflect the change from two-digit year and varied number of digits for case number designators to the four-digit year and four-digit case number designators.

Last, the Committee proposes amending subdivisions (c)(1) and (c)(2) of rule 9.900 by updating the forms to ask that the filer indicate under which rule of appellate procedure the notice of appeal of a nonfinal order is being filed. However, we modify this language to ask the filer to cite to the specific subdivision of the rule that the review is based on. We then amend the forms in

subdivisions (c)(1) and (c)(2) to clarify that the date requested is the date of the order being appealed.

Accordingly, the Florida Rules of Appellate Procedure are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments become effective September 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Dwayne Antonio Robinson, Chair, Appellate Court Rules Committee, Miami, Florida, Christine Riley Davis, Past Chair, Appellate Court Rules Committee, St. Petersburg, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Elaine D. Walter of Kula & Associates, P.A., Miami, Florida,

Responding with comments

# APPENDIX

## RULE 9.210.  BRIEFS

**(a)**    [No Change]

**(b) Contents of Initial Brief.**  The initial brief must contain the following, in order:

(1)–(2) [No Change]

(3) a jurisdictional statement including:

(A) the basis for claiming that the judgment or order appealed from is final; or

(B) if nonfinal, the basis for claiming that the judgment or order appealed from is otherwise appealable, including the procedural rule and/or statutory provision upon which jurisdiction rests along with a concise statement of the relevant facts establishing jurisdiction;

(~~3~~4) a statement of the case and of the facts, which must include the nature of the case, the course of the proceedings, and the disposition in the lower tribunal, with references to the appropriate pages of the record or transcript;

(~~4~~5) a summary of argument, suitably paragraphed, condensing succinctly, accurately, and clearly the argument actually made in the body of the brief, which should not be a mere repetition of the headings under which the argument is arranged;

(~~5~~6) ~~argument with regard to each issue~~for each issue presented, argument with citation to appropriate authorities, ~~and including~~a citation to the record on appeal where the issue was preserved, and a statement of the applicable appellate standard of review;

- 5 -

(~~6~~7) a short conclusion setting forth the precise relief sought;

(~~7~~8) a certificate of service; and

(~~8~~9) for computer-generated briefs, a certificate of compliance ~~for computer-generated briefs~~.

**(c)-(h)**    [No Change]

### Committee Notes

[No Change]

### Court Commentary

[No Change]

## RULE 9.310.   STAY PENDING REVIEW

**(a)**   [No Change]

**(b)   Exceptions; Automatic Stay.**

(1)   *Money Judgments.* If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the ~~principal~~ amount of the judgment plus twice the statutory rate of interest ~~on judgments on the total amount on which the party has an obligation to pay interest~~in effect on the date the judgment is filed. Multiple parties having common liability may file a single bond satisfying the above criteria.

(2)   [No Change]

**(c)   Bond.**

(1)   *Defined.* A good and sufficient bond is a bond with a principal and a surety company authorized to do business in the State of Florida, or cash deposited in the clerk of the lower

- 6 -

tribunal's office. The lower tribunal will have continuing jurisdiction to determine the actual sufficiency of any ~~such~~ bond.

(2)    *Conditions.* The conditions of a bond must include a condition to pay or comply with the order in full, including costs~~;~~, interest~~;~~, fees~~;~~, and damages for delay, use, detention, and depreciation of property, if the review is dismissed or order affirmed; and may include ~~such~~ other conditions as may be required by the lower tribunal.

**(d)    Judgment Against a Surety.** A surety on a bond conditioning a stay submits to the jurisdiction of the lower tribunal and the court. The liability of the surety on ~~such~~the bond may be enforced by the lower tribunal or the court, after motion and notice, without the necessity of an independent action.

**(e)–(f)**    [No Change]

## Committee Notes

[No Change]

## RULE 9.800.    UNIFORM CITATION SYSTEM

This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.

**(a)    Florida Supreme Court.**

(1)–(2)    [No Change]

(3)    For cases not published in *Southern Reporter*, cite to *Florida Law Weekly*: *Traylor v. State*, 17 Fla. L. Weekly S42 (Fla. Jan. 16, 1992). If not therein, cite to the slip opinion: *Medina v. State*, No. SC2000-0280 (Fla. Mar. 14, 2002). With a slip opinion cite, citations to Westlaw: *Singh v. State*, No. SC2010-1544, 2014 WL 7463592 (Fla. Dec. 30, 2014), or LEXIS: *Johnston v. State*, No.

SC2009-0839, 2010 Fla. LEXIS 62 (Fla. Jan. 21, 2010), may also be provided.

**(b)    Florida District Courts of Appeal.**

(1)    [No Change]

(2)    For cases not published in *Southern Reporter*, cite to *Florida Law Weekly*: *Myers v. State*, 16 Fla. L. Weekly D1507 (Fla. 4th DCA June 5, 1991). If not therein, cite to the slip opinion: *Fleming v. State*, No. 1D2001-2734 (Fla. 1st DCA Mar. 6, 2002). With a slip opinion cite, citations to Westlaw: *Williams v. State*, No. 2D2014-2438, 2014 WL 3418358 (Fla. 2d DCA June 12, 2014), or LEXIS: *Minakan v. Husted*, No. 4D2009-4439, 2010 Fla. App. LEXIS 288 (Fla. 4th DCA Jan. 20, 2010), may also be provided.

**(c)    Florida Circuit Courts and County Courts.**

(1)    Circuit Court: *State v. Ruoff*, 17 Fla. L. Weekly Supp. 619 (Fla. 17th Cir. Ct. Feb. 13, 2010).

(2)–(3)    [No Change]

**(d)–(q)**    [No Change]

### Committee Notes

[No Change]

## RULE 9.900.   FORMS

**(a)–(b)** [No Change]

**(c)   Notice of Appeal of Nonfinal Order.**

(1)   *Notice of Appeal of Nonfinal Order.*

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)
Defendant/Appellant, )
)
v.                        )        NOTICE OF APPEAL OF A
)        NONFINAL ORDER
_____,)
Plaintiff/Appellee.      )
)
_____  )

NOTICE IS GIVEN that _____, Defendant/Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h)] .....(date of order)...... ~~[Conformed copies of orders designated in the notice of appeal must be attached in accordance with rules 9.110(d), 9.130(c), and 9.160(c).]~~

The nature of the order is a nonfinal order .....(state nature of the order)......~~.~~ under Florida Rule of Appellate Procedure .....(state specific rule number and subdivision)......

[Any orders designated in the notice of appeal must be attached in accordance with rules 9.110(d), 9.130(c), and 9.160(c).]

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ...................

(2)     *Notice of Cross-Appeal of Nonfinal Order.*

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)
Defendant/Appellant/)
Cross-Appellee,        )
                              )
v.                           )        NOTICE OF CROSS-APPEAL
                              )        OF A NONFINAL ORDER
_____,)
Plaintiff/Appellee/      )
Cross-Appellant.       )
_____  )

NOTICE IS GIVEN that _____, Plaintiff/Cross-Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h)] .....(date of order)......

The nature of the order is a nonfinal order .....(state nature of the order)..... under Florida Rule of Appellate Procedure .....(state specific rule number and subdivision)......

_____
Attorney for .....(name of party).....

- 10 -

.....(address, e-mail address, and phone number).....

Florida Bar No. ...................

**(d)–(n)** [No Change]

## Committee Notes

[No Change]